IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., <u>ex rel</u>. THOMAS PROCTOR, | ) ) ) ) |
| Plaintiffs and Relator, | ) ) |
| v. | ) ) No. 11-cv-3406 |
| SAFEWAY, INC., | ) ) ) |
| Defendant. | ) |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendant Safeway, Inc.'s (Safeway) Motion to Stay Discovery (d/e 57) (Motion). For the reasons set forth below, the Motion is ALLOWED.

The Relator Thomas Proctor (Proctor) brings this qui tam action for violation of the False Claims Act, 31 U.S.C. § 3729 et seq., and supplemental claims for violation of state false claims statutes. Amended Complaint (d/e 50). Safeway operates pharmacies. Proctor alleges that the Safeway illegally overcharged federal and state government programs. The alleged overcharging involved, among other things, fraudulently

overstating Safeway's Usual & Customary prices for prescription medications.  See Amended Complaint,  ¶¶ 90-140.

Safeway has moved to dismiss the Amended Complaint for improper venue, insufficient service of process, failure to state a claim and for failure to plead fraud with particularity as required by Federal Rule of Civil Procedure 9(b).  Defendants' Motion to Dismiss Amended Complaint Pursuant to Rules 12(b)(3), 12(b)(4), 12(b)(5),12(b)(6) and 9(b) and to Strike Pursuant to Rule 12(f) (d/e 53) (Motion to Dismiss).  Safeway now asks this Court to stay discovery until the Motion to Dismiss is resolved.

Safeway must show good cause exists for a stay.  The Court must consider whether the stay would prejudice Proctor; whether denying the stay would prejudice Safeway; and whether the stay would reduce the burden of litigation on the parties or the Court.  See U.S. ex rel. Robinson v. Indiana University Health, Inc., 2015 WL 3961221, at *1 (S.D. Ind. June 30, 2015).  The Court has broad discretion in making this decision.  See In re Sulfuric Acid Antitrust Litigation, 231 F.R.D. 331, 336 (N.D. Ill. 2005).

The Court has determined in this case that a stay will reduce the burden of litigation on this Court and the parties. The stay will support the policies underlying the particularity requirements of Federal Rule of Civil Procedure 9(b).  The relator in a False Claims Act must allege fraudulent

violations with the particularity required by Rule 9(b).  U.S. ex rel. Gross v. AIDS Research Alliance-Chicago, 415 F.3d 601, 604 (7th Cir. 2005).  The heightened pleading standard requires the relator to make a more extensive investigation before bringing claims of fraud.  That purpose would be frustrated "by allowing a relator to make vague claims of fraud, and then permitting him to engage in discovery in the hope of uncovering enough specifics to adequately plead a case."  U.S. ex rel. Liotine, v. CDW-Government, Inc., 2009 WL 72058, at *1 (S.D. Ill. March 18, 2009).  The Court is persuaded by the reasoned analysis in the Liotine opinion that discovery should be stayed until the District Court determines whether the Relator has alleged violations of the False Claims Act with sufficient particularity.[1]  The stay will reduce the burden of litigation by ensuring that Proctor has met his obligation to plead with particularity before the Court and the parties commence the discovery process.

The resolution of the venue issue before discovery commences could also reduce the burden of litigation.  Venue is appropriate in any District where a defendant resides, transacts business, or in which an act proscribed by the False Claims Act occurred.  31 U.S.C. § 3732(a).

---

[1] The Court recognized that the Court in Robinson distinguished the decision in Liotine because the Liotine court could adjust the discovery schedule to accommodate the delay.  The discovery schedule had been fixed in Robinson and could not be extended.  Robinson, 2015 WL 3961221, at *8.  In this case, the Rule 16 scheduling conference has not occurred.  Thus, unlike the Robinson case, the discovery schedule has not been set.

Safeway operates no stores or other facilities in this District.  The Relator seeks to litigate nationwide fraud claims against the federal government and numerous states in a District in which the Defendant has no operations.

Proctor alleges that this District has venue because Safeway caused the submission of false Medicaid claims to state government offices in Springfield, Illinois.  See Amended Complaint, ¶ 33.  The claims at issue were submitted by a Safeway subsidiary known as Dominick's.  See Amended Complaint, ¶¶ 11-16; see Defendant Safeway's Memorandum of Law in Support of the Motion to Dismiss (d/e 54), at 4 n.9;  Relator Proctor's Opposition to Defendant Safeway's Motion to Dismiss (d/e 61) (Proctor Response), at 2 n.2; Defendant Subway's Reply in Support of its Motion to Dismiss (d/e 65), at 4-5.  Generally, the act of a subsidiary is not the act of a parent corporation.  See Central States, Southeast and Southwest Areas Pension Fund v. Reimer Express World, Corp., 230 F.3d 934, 944 (7th Cir. 2000).  Thus, the fact that Dominick's submitted allegedly false Medicaid claims in this District does not usually indicate that Safeway committed a violation in this District.

To establish a parent corporation's culpability for a subsidiary's actions, a "Relator must be able to demonstrate either that [the parent

corporation] is liable under a veil piercing or alter ego theory, or that it is directly liable for its own role in the submission of false claims." U.S. ex rel. Hockett v. Columbia/HCA Healthcare Corp., 498 F.Supp.2d 25, 60 (D. D.C. 2007). Proctor does not allege either an alter ego theory or grounds piercing the corporate veil.

Proctor, further, does not allege that Safeway had a direct role in Dominick's alleged submissions of false Medicaid claims in Illinois. Proctor alleges that Safeway staff directed and supervised the transition of Dominick's pharmacy to the program that used the alleged fraudulent billing practices. Amended Complaint, ¶ 132. Proctor does not allege that Safeway directly participated in Dominick's billings to Illinois Medicaid officials. The allegations here are markedly different from the circumstances in the Hockett case cited by Proctor. In Hockett, the Court found that the parent corporation could be liable because evidence showed that its employees were directly involved in "finalizing the cost report and billing the government" by instructing the subsidiary's employee "to obscure the true nature of the cost overstatements in the original cost report." Hockett, 498 F.Supp.2d at 62. Proctor does not allege any such direct participation by Safeway employees in the preparation of Dominick's Medicaid billings. Under these circumstances, the District Court may

determine that Proctor does not allege that Safeway committed any act proscribed the False Claims Act in this District. If so, the District Court may determine that venue is not proper. In light of these circumstances, this Court believes that venue is a significant issue.

If the District Court determines that venue is not proper, the District Court could dismiss the case or, if it would be in the interests of justice, transfer the case to a District where the case could have been brought. 28 U.S.C. § 1406(a). If the case is transferred, the District Court with venue should resolve discovery disputes, not this Court. Staying discovery would avoid the risk of discovery decisions in a District Court that lacks venue. Such rulings would place an unnecessary burden on the courts and the parties. The Court, in its discretion, finds that the better course is waiting for a resolution of the venue issue.

The Court finds that the burden on the Relator from any delay does not outweigh the benefits of waiting for the District Court's resolution of the Motion to Dismiss. The Court can ameliorate any problems due to delay by setting an appropriate discovery schedule after the District Court's decision.

THEREFORE, Defendants' Motion to Stay Discovery (d/e 57) is ALLOWED. Discovery is stayed until the District Court rules on Defendants' Motion to Dismiss Amended Complaint Pursuant to Rules

12(b)(3), 12(b)(4), 12(b)(5),12(b)(6) and 9(b) and to Strike Pursuant to Rule 12(f) (d/e 53).

ENTER:   July 14, 2016

*s/ Tom Schanzle-Haskins*
UNITED STATES MAGISTRATE JUDGE