E-FILED
Tuesday, 10 January, 2017 05:55:30 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, and THE STATES OF CALIFORNIA, COLORADO, DELAWARE, HAWAII, ILLINOIS, MONTANA, NEVADA, NEW JERSEY, NEW MEXICO, VIRGINIA, and the DISTRICT OF COLUMBIA, *ex rel.* THOMAS PROCTOR,<br><br>Plaintiffs,<br><br>v.<br><br>SAFEWAY INC.,<br><br>Defendant. | § § § § § § § § § § § § § § | Case No. 3:11-cv-03406-RM-TSH<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT SAFEWAY INC.'S ANSWER TO RELATOR'S FIRST AMENDED COMPLAINT**

Defendant Safeway Inc. ("Safeway" or "Defendant"), through its undersigned counsel, answers the First Amended Complaint ("Complaint") of Relator Thomas Proctor ("Relator") as follows:

## I. INTRODUCTION

1. Paragraph 1 states a legal conclusion that requires no response from Safeway. To the extent a response is required, Safeway denies the allegations of Paragraph 1.

2. Paragraph 2 states a legal conclusion that requires no response from Safeway. To the extent a response is required, Safeway denies the allegations of Paragraph 2.

3. Safeway admits that at various times, Safeway has operated under the trade name Safeway and that Safeway banner stores and/or affiliated banner stores that contained pharmacies were located across the United States, including in Alaska, Arizona, California,

Colorado, Delaware, Hawaii, Idaho, Illinois, Maryland, Montana, Nebraska, New Jersey, New Mexico, Nevada, Oregon, Pennsylvania, South Dakota, Texas, Virginia, Washington, Wyoming, and the District of Columbia. Safeway denies the remaining factual allegations in Paragraph 3 and, to the extent Paragraph 3 states a legal conclusion, states that such conclusion requires no response from Safeway.

4. Paragraph 4 states a legal conclusion that requires no response from Safeway. To the extent a response is required, Safeway denies the allegations of Paragraph 4.

5. Paragraph 5 states a legal conclusion that requires no response from Safeway. To the extent a response is required, Safeway denies the allegations of Paragraph 5.

6. Paragraph 6 states a legal conclusion that requires no response from Safeway. To the extent a response is required, Safeway denies the allegations of Paragraph 6.

7. Paragraph 7 states a legal conclusion that requires no response from Safeway. To the extent a response is required, Safeway denies the allegations of Paragraph 7.

8. Paragraph 8 states a legal conclusion that requires no response from Safeway. To the extent a response is required, Safeway denies the allegations of Paragraph 8.

9. Safeway admits that Safeway banner stores and/or affiliated banner stores have operated at locations in Alaska, Arizona, Idaho, Maryland, Nebraska, Oregon, Pennsylvania, South Dakota, Washington, and Wyoming. Safeway denies the remaining factual allegations of Paragraph 9. The remaining allegations of Paragraph 9 constitute a legal conclusion that requires no response from Safeway. To the extent a response is required, Safeway denies the remaining allegations of Paragraph 9.

10. Paragraph 10 states a legal conclusion that requires no response from Safeway. To the extent a response is required, Safeway denies the allegations of Paragraph 10.

## II. PARTIES

### A. Defendant

11. Safeway admits the allegations of Paragraph 11 are true, but denies that Paragraph 11 is a complete recitation of corporate name changes, mergers, or any other corporate events.

12. Safeway admits the allegations of Paragraph 12.

13. Paragraph 13 states a legal conclusion that requires no response from Safeway. To the extent a response is required, Safeway denies the allegations of Paragraph 13.

14. Safeway admits that at various times, Safeway has operated under the trade name Safeway and that Safeway banner stores and/or affiliated banner stores have operated across the United States. These affiliated banner stores have included, but are not limited to: Vons, Pavilions, Dominick's, Genuardi's, Randalls, Tom Thumb, Pak'n'Save Foods, and Carrs Quality Centers. Safeway also admits that:

(a) affiliated banner stores Randalls and Tom Thumb operated and continue to operate in Texas;

(b) Safeway banner stores and affiliated banner stores Vons, Pavilions and Pak'n'Save Foods operate and have operated in California (although Pak'n'Save does not operate any pharmacies);

(c) Safeway banner stores and affiliated banner store Vons operate in Nevada;

(d) Safeway banner stores and affiliated banner store Carrs operate or have operated in Alaska;

(e) affiliated banner store Dominick's operated in Illinois;

(f) Defendant has not operated banner store Vons in Michigan;

(g) affiliated banner store Genuardi's operated in Pennsylvania, New Jersey and Delaware; that the Genuardi's banner stores in Pennsylvania and New Jersey have been sold or closed; and that Safeway banner stores currently operate in Delaware; and

(h) Safeway banner stores operate in Colorado, Hawaii, Montana, Idaho, Nebraska, Maryland, New Mexico, Oregon, South Dakota, Virginia, Washington, Wyoming and the District of Columbia. Safeway denies the remaining allegations of Paragraph 14.

15. Safeway admits that the planned closure or sale of Genuardi's banner stores located in Pennsylvania, New Jersey and Delaware was announced, and that as of the date of the filing of the Amended Complaint, Genuardi's banner stores located in Pennsylvania, New Jersey and Delaware had been closed or sold. Safeway denies that it operated stores under the Safeway banner in Pennsylvania and New Jersey. Safeway admits that Safeway banner stores operated in Delaware at the time this Amended Complaint was filed. Safeway denies the remaining allegations of Paragraph 15.

16. Safeway admits that until on or about December 28, 2013, Dominick's Finer Foods, LLC, a grocery chain in Illinois that was an indirect subsidiary of Safeway, operated at various times 72 grocery stores and pharmacies in the Chicago, Illinois area under the banner "Dominick's." Safeway admits all Dominick's banner stores have been sold or closed, and that Safeway has no ownership interest in any stores in Illinois. Safeway denies the remaining allegations of Paragraph 16.

17. Safeway admits that on January 30, 2015, Safeway was acquired by AB Acquisition LLC, and was held under its subsidiary (which at that time was Albertson's Holdings LLC, but is currently called Albertsons Companies, LLC) as a wholly owned subsidiary pursuant to the terms of a merger agreement.

18. Safeway admits that, in connection with the merger, 57 stores in the Western region of the United States were divested for antitrust clearance. Safeway denies that the divestitures occurred in its Mid-Atlantic stores.

19. Because Relator has failed to define "Albertson's" and failed to provide a time frame for its allegations, Safeway lacks knowledge of information sufficient to form a belief about the truth of the allegations, and therefore, denies them.

20. Safeway admits the allegations of Paragraph 20.

21. Because Relator has failed to define "national corporate management" and "corporate management," and failed to provide a time frame for its allegations, Safeway lacks knowledge of information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore, denies them. The second sentence of paragraph 21 contains a legal conclusion that requires no response from Safeway. Safeway denies the remaining allegations of Paragraph 21.

22. Safeway states that Safeway's SEC 10K Annual Reports, including its 2015 Annual Report, speak for themselves, and Safeway denies any statements in Paragraph 22 inconsistent with those documents. Safeway denies the remaining allegations of Paragraph 22.

23. Safeway admits that most Safeway banner stores and affiliated banner stores include a pharmacy department. Safeway admits that, as of December 31, 2013, Safeway operated 1,041 pharmacies across 20 states and the District of Columbia. Because Relator has failed to define "national Corporate Pharmacy Administration" and "upper corporate management," and failed to provide a time frame for its allegations, Safeway lacks knowledge of information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore, denies them. Safeway denies the remaining allegations of Paragraph 23.

24. Because Relator has failed to define "Corporate Pharmacy Administration" and failed to provide a time frame for its allegations, Safeway lacks knowledge of information

sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore, denies them. Safeway states that it uses a proprietary version of the PDX software system to process prescription drug purchases and submit prescription claims to third parties for adjudication. Safeway denies the remaining allegations of Paragraph 24.

25. Safeway admits that its PDX software system maintains customer information that enables customers to refill prescriptions, in certain circumstances and in accordance with applicable law and regulations, at locations other than the original site. Safeway denies the remaining allegations of Paragraph 25.

26. Because the Relator has failed to define "Defendant's prescription benefits club" and "club card" and specify the relevant time period covered by this paragraph, Safeway lacks sufficient information to respond fully to Paragraph 26. Safeway states that at various times and at various locations it operated discount pharmacy benefit programs, including HealthClub55 and a loyalty prescription drug membership program. Safeway further states that beginning in July 2010, pharmacies operated under the banners Tom Thumb and Randall's in Texas began to offer a loyalty prescription drug membership program ("Membership Program"), and that subsequently this Membership Program was expanded to stores under these and other banners in other states. Safeway states that to join the Membership Program, customers had to provide information on an application form, and that the Membership Program was discontinued in 2015. Safeway states that at various times, Safeway banner stores and affiliated banner stores have offered branded Club Cards to customers who choose to join the Club Card program, which entitles them to benefits including discounts on certain store purchases. Safeway denies the remaining allegations of Paragraph 26.

27. Paragraph 27 states a legal conclusion to which no response is required. To the extent a response is required, Safeway denies the allegations of Paragraph 27.

28. Safeway denies the allegations of Paragraph 28.

29. Safeway lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 29, and therefore, denies them. Because the Relator has failed to define the relevant time period covered by this paragraph and define "Defendant's Pharmacy Prescription Management Application" and "Defendant's Pharmacy Prescription Management Application program," Safeway lacks sufficient information to respond fully to Paragraph 29. Safeway states that at various times members of the public, including customers, could obtain information about Safeway banner stores' and affiliated banner stores' pharmacies at internet websites and addresses. Safeway further states that any information published at such a website speaks for itself, and Safeway denies any statements in Paragraph 29 inconsistent with those documents.

**B. Relator**

30. Safeway lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 30 and therefore, denies them.

31. Safeway admits the allegations of Paragraph 31.

## III. JURISDICTION AND VENUE

32. Safeway admits that subject matter jurisdiction is proper under 28 U.S.C. § 1331, 28 U.S.C. § 1345, and 31 U.S.C. 3730(b). Safeway denies that personal jurisdiction is proper under 31 U.S.C.§ 3732(a). Safeway admits that, to the extent this Court has jurisdiction to hear properly plead federal claims, the Court has jurisdiction to hear state law claims under 31 U.S.C. § 3732(b) and 28 U.S.C. § 1367.

33. Safeway denies the allegations of Paragraph 33.

## IV. PUBLIC DISCLOSURE, ORIGINAL SOURCE, AND RELATED PROCEEDINGS

34. Safeway lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 34 and therefore, denies them.

35. Paragraph 35 states a legal conclusion that requires no response from Safeway. To the extent a response is required, Safeway denies the allegations of Paragraph 35.

36. Paragraph 36 states a legal conclusion that requires no response from Safeway. To the extent a response is required, Safeway denies the allegations of Paragraph 36.

37. Paragraph 37 states a legal conclusion that requires no response from Safeway. To the extent Paragraph 37 makes any factual allegations relating to Defendant, Safeway denies those allegations.

## V. GENERAL BACKGROUND INFORMATION CONCERNING GOVERNMENT-FUNDED PRESCRIPTION DRUG BENEFITS

38. Safeway admits that certain government healthcare programs offer their beneficiaries benefits that include, in some circumstances and during various periods of time, coverage for certain prescribed drugs. Safeway denies the last clause in that GHPs do not "reimburse" a provider that dispenses prescription drugs. Safeway lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 38 and therefore, denies them.

39. Paragraph 39 states a legal conclusion that requires no response from Safeway. To the extent Paragraph 39 makes any factual allegations relating to Defendant, Safeway denies those allegations.

40. Paragraph 40 states a legal conclusion that requires no response from Safeway. To the extent Paragraph 40 makes any factual allegations relating to Defendant, Safeway denies those allegations

41. Paragraph 41 states a legal conclusion that requires no response from Safeway. To the extent Paragraph 41 makes any factual allegations relating to Defendant, Safeway denies those allegations.

42. Safeway lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 42 and therefore, denies them.

43. Paragraph 43 states a legal conclusion that requires no response from Safeway. To the extent a response is required, Safeway denies the allegations of Paragraph 43. To the extent Paragraph 43 makes any factual allegations relating to Defendant, Safeway denies those allegations.

44. Paragraph 44 states a legal conclusion that requires no response from Safeway. To the extent a response is required, Safeway denies the allegations of Paragraph 44. To the extent Paragraph 44 makes any factual allegations relating to Defendant, Safeway denies those allegations.

### A. Specific GHP Prescription Drug Methodologies Illustrating The Established, Well-Known Understanding And Application Of U&C Price

#### 1. Medicaid

45. The allegations of Paragraph 45 appear to summarize portions of Title XIX of the Social Security Act and as such represent legal conclusions that require no response from Safeway. To the extent Paragraph 45 makes any factual allegations relating to Defendant, Safeway denies those allegations.

46. Paragraph 46 states a legal conclusion that requires no response from Safeway. To the extent a response is required, Safeway denies the allegations of Paragraph 46. To the extent Paragraph 46 makes any factual allegations relating to Defendant, Safeway denies those allegations.

47. Paragraph 47 states a legal conclusion that requires no response from Safeway. To the extent a response is required, Safeway denies the allegations of Paragraph 47. To the extent Paragraph 47 makes any factual allegations relating to Defendant, Safeway denies those allegations.

48. Paragraph 48 states a legal conclusion that requires no response from Safeway. To the extent a response is required, Safeway denies the allegations of Paragraph 48. To the extent Paragraph 48 makes any factual allegations relating to Defendant, Safeway denies those allegations.

49. Paragraph 49 states a legal conclusion that requires no response from Safeway. To the extent a response is required, Safeway denies the allegations of Paragraph 49. To the extent Paragraph 49 makes any factual allegations relating to Defendant, Safeway denies those allegations.

50. Paragraph 50 states a legal conclusion that requires no response from Safeway. To the extent a response is required, Safeway denies the allegations of Paragraph 50. To the extent Paragraph 50 makes any factual allegations relating to Defendant, Safeway denies those allegations.

51. Paragraph 51 states a legal conclusion that requires no response from Safeway. To the extent a response is required, Safeway denies the allegations of Paragraph 51. To the extent Paragraph 51 makes any factual allegations relating to Defendant, Safeway denies those allegations.

52. Paragraph 52 states a legal conclusion that requires no response from Safeway. To the extent a response is required, Safeway denies the allegations of Paragraph 52. To the

extent Paragraph 52 makes any factual allegations relating to Defendant, Safeway denies those allegations.

**2. Tricare**

53. Safeway denies that TRICARE was established by the Department of Defense; it was established by acts of Congress and the summary of those laws set forth in the paragraph represents legal conclusions to which no response is required. To the extent a response is required, Safeway denies the allegations of Paragraph 53. To the extent Paragraph 53 makes any factual allegations relating to Defendant, Safeway denies those allegations.

54. Because Relator has not provided a relevant time period for the allegations in paragraph 54 and quotes a publication that is not fully or properly identified, Safeway lacks sufficient information to respond fully to it. Safeway further states that the publication identified as "TRICARE Express Scripts Pharmacy Manual" speaks for itself, and Safeway denies any statements in Paragraph 54 inconsistent with those documents. Paragraph 54 states a legal conclusion that requires no response from Safeway. To the extent a response is required, Safeway denies the allegations of Paragraph 54. To the extent Paragraph 54 makes any factual allegations relating to Defendant, Safeway denies those allegations.

55. Safeway lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 55 and therefore, denies them.

56. Paragraph 56 states a legal conclusion that requires no response from Safeway. To the extent a response is required, Safeway denies the allegations of Paragraph 56. Safeway further states that the 2005 Express Scripts pharmacy manual speaks for itself, and Safeway denies any statements in Paragraph 56 inconsistent with that document. To the extent this paragraph makes any factual allegations relating to Defendant, Safeway denies those allegations.

57. Safeway states that the 2005 Express Scripts pharmacy manual speaks for itself, and Safeway denies any statements in Paragraph 57 inconsistent with that document. Further, paragraph 57 states a legal conclusion that requires no response from Safeway. To the extent Paragraph 57 makes any factual allegations relating to Defendant, Safeway denies those allegations.

58. Paragraph 58 states a legal conclusion that requires no response from Safeway. To the extent a response is required, Safeway denies the allegations of Paragraph 58. Safeway further states that the 2005 Express Scripts pharmacy manual speaks for itself, and Safeway denies any statements in Paragraph 58 inconsistent with that document. To the extent this paragraph makes any factual allegations relating to Defendant, Safeway denies those allegations.

59. Paragraph 59 states a legal conclusion that requires no response from Safeway. To the extent a response is required, Safeway denies the allegations of Paragraph 59. Safeway further states that the 2013 Express Scripts pharmacy manual speaks for itself, and Safeway denies any statements in Paragraph 59 inconsistent with that document. To the extent this paragraph makes any factual allegations relating to Defendant, Safeway denies those allegations.

**3. FEHBP**

60. Safeway admits that the Federal Employee Health Benefit Plan is a federal healthcare benefit program that offers health benefits to qualified federal employees and their eligible family members. Safeway does not have the knowledge or information to respond to the remaining factual allegations in Paragraph 60, and is not required to respond to the remaining assertions to the extent they state a legal conclusion. To the extent this paragraph makes any factual allegations relating to Defendant, Safeway denies those allegations.

61. Because Relator has not provided a relevant time period for the allegations in this paragraph and quotes a publication that is not fully or properly identified, Safeway lacks

sufficient information to respond fully to it. Safeway further states that the FEHBP's CVS/Caremark pharmacy manual speaks for itself and Safeway denies any statements in Paragraph 61 inconsistent with that document. In addition, Paragraph 61 states a legal conclusion that requires no response from Safeway. To the extent a response is required, Safeway denies the allegations of Paragraph 61. To the extent this paragraph makes any factual allegations relating to Defendant, Safeway denies those allegations.

62. Safeway lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 62 and therefore, denies them.

63. Paragraph 63 states a legal conclusion that requires no response from Safeway. To the extent a response is required, Safeway denies the allegations of Paragraph 63. Safeway further states that the FEHBP's CVS/Caremark pharmacy manual speaks for itself, and Safeway denies any statements in Paragraph 63 inconsistent with that document. To the extent this paragraph makes any factual allegations relating to Defendant, Safeway denies those allegations.

64. Paragraph 64 states a legal conclusion that requires no response from Safeway. To the extent a response is required, Safeway denies the allegations of Paragraph 64. Safeway further states that the FEHBP's CVS/Caremark pharmacy manual speaks for itself, and Safeway denies any statements in Paragraph 64 inconsistent with that document. To the extent this paragraph makes any factual allegations relating to Defendant, Safeway denies those allegations.

**4. Medicare Part D Voluntary Prescription Drug Benefit Program**

65. Safeway admits that the law establishing the Medicare drug benefit, the so-called Part D program, was enacted on December 8, 2003, and that the Part D program drug benefit commenced January 1, 2006. Safeway further states that paragraph 65 states a legal conclusion that requires no response from Safeway. To the extent Paragraph 65 makes any factual allegations relating to Defendant, Safeway denies those allegations.

66. Paragraph 66 states a legal conclusion that requires no response from Safeway. To the extent a response is required, Safeway denies the allegations of Paragraph 66. To the extent Paragraph 66 makes any factual allegations relating to Defendant, Safeway denies those allegations.

67. Paragraph 67 states a legal conclusion that requires no response from Safeway. To the extent a response is required, Safeway denies the allegations of Paragraph 67. To the extent Paragraph 67 makes any factual allegations relating to Defendant, Safeway denies those allegations, and, to the extent Paragraph 67 makes factual allegations not relating to Defendant, Safeway lacks knowledge or information sufficient to form a belief as to the truth or falsity of such allegations and therefore, denies them.

68. Paragraph 68 states a legal conclusion that requires no response from Safeway. To the extent a response is required, Safeway denies the allegations of Paragraph 68. To the extent Paragraph 68 makes any factual allegations relating to Defendant, Safeway denies those allegations.

69. Paragraph 69 states a legal conclusion that requires no response from Safeway. To the extent a response is required, Safeway denies the allegations of Paragraph 69. To the extent Paragraph 69 makes any factual allegations relating to Defendant, Safeway denies those allegations.

70. Paragraph 70 states a legal conclusion that requires no response from Safeway. To the extent a response is required, Safeway denies the allegations of Paragraph 70. To the extent Paragraph 70 makes any factual allegations relating to Defendant, Safeway denies those allegations.

71. Paragraph 71 states a legal conclusion that requires no response from Safeway. To the extent a response is required, Safeway denies the allegations of Paragraph 71. To the extent Paragraph 71 makes any factual allegations relating to Defendant, Safeway denies those allegations.

72. Paragraph 72 states a legal conclusion that requires no response from Safeway. To the extent a response is required, Safeway denies the allegations of Paragraph 72. To the extent Paragraph 72 makes any factual allegations relating to Defendant, Safeway denies those allegations.

73. Paragraph 73 states a legal conclusion that requires no response from Safeway. To the extent a response is required, Safeway denies the allegations of Paragraph 73. To the extent Paragraph 73 makes any factual allegations relating to Defendant, Safeway denies those allegations.

74. Safeway denies that a pharmacy provider is "reimbursed" for all prescription drugs under Part D, as the term "reimbursed" is normally used. Safeway denies that in every instance in which a drug is dispensed at a pharmacy to a Medicare beneficiary an electronic claim is generated and sent to a PBM. Further, because Relator has failed to provide sufficient factual details, including time frame, location and types of drugs, Safeway lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 74 and therefore, denies them. To the extent this paragraph makes any factual allegations relating to Defendant, Safeway denies those allegations.

75. Safeway admits that electronic records commonly referred to as prescription drug events (PDE) exist and that such PDE records can include data elements about the drug dispensed. Because Relator fails to provide details concerning time and place, Safeway lacks

knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 75 and therefore, denies them. Further, Paragraph 75 states a legal conclusion that requires no response from Safeway. To the extent Paragraph 75 makes any factual allegations relating to Defendant, Safeway denies those allegations.

76. Safeway lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 76 and therefore, denies them. To the extent this paragraph makes any factual allegations relating to Defendant, Safeway denies those allegations.

77. Safeway lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 77 and therefore, denies them. To the extent this paragraph makes any factual allegations relating to Defendant, Safeway denies those allegations.

78. Safeway lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 78 and therefore, denies them. To the extent this paragraph makes any factual allegations relating to Defendant, Safeway denies those allegations.

79. Safeway lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 79 and therefore, denies them. To the extent this paragraph makes any factual allegations relating to Defendant, Safeway denies those allegations.

80. Safeway lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 80 and therefore, denies them. To the extent this paragraph makes any factual allegations relating to Defendant, Safeway denies those allegations.

81. Paragraph 81 states a legal conclusion that requires no response from Safeway. To the extent a response is required, Safeway denies the allegations of Paragraph 81. To the extent this paragraph makes any factual allegations relating to Defendant, Safeway denies those allegations.

82. Safeway denies that it is subject to the provision quoted above from section 423.505(k). Moreover, Paragraph 82 states a legal conclusion that requires no response from Safeway. To the extent a response is required, Safeway denies the allegations of Paragraph 82. To the extent this paragraph makes any factual allegations relating to Defendant, Safeway denies those allegations.

83. Paragraph 83 states a legal conclusion that requires no response from Safeway. To the extent a response is required, Safeway denies the allegations of Paragraph 83. To the extent this paragraph makes any factual allegations relating to Defendant, Safeway denies those allegations.

84. Paragraph 84 states a legal conclusion that requires no response from Safeway. To the extent a response is required, Safeway denies the allegations of Paragraph 84. To the extent this paragraph makes any factual allegations relating to Defendant, Safeway denies those allegations.

85. Paragraph 85 states a legal conclusion that requires no response from Safeway. To the extent a response is required, Safeway denies the allegations of Paragraph 85. To the extent Paragraph 85 makes any factual allegations relating to Defendant, Safeway denies those allegations.

86. Paragraph 86 states a legal conclusion that requires no response from Safeway. To the extent a response is required, Safeway denies the allegations of Paragraph 86. To the extent this paragraph makes any factual allegations relating to Defendant, Safeway denies those allegations.

87. Paragraph 87 states a legal conclusion that requires no response from Safeway. To the extent a response is required, Safeway denies the allegations of Paragraph 87. To the

extent this paragraph makes any factual allegations relating to Defendant, Safeway denies those allegations.

88. Safeway denies the allegations of Paragraph 88.

89. Safeway denies the allegations of Paragraph 89.

90. Safeway lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 90 and therefore, denies them. Further, to the extent that Paragraph 90 states a legal conclusion, it requires no response from Safeway. To the extent a response is required, Safeway denies the allegations of Paragraph 90. To the extent Paragraph 90 makes any factual allegations relating to Defendant, Safeway denies those allegations.

## VI. HISTORICAL PERSPECTIVE OF PRESCRIPTION DRUG U&C PRICING AND THE EMERGENCE OF PHARMACY DISCOUNT DRUG PROGRAMS

91. Safeway lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 91 and therefore, denies them. Further, to the extent that Paragraph 91 states a legal conclusion, it requires no response from Safeway. To the extent a response is required, Safeway denies the allegations of Paragraph 91.

92. Safeway lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 92 and therefore, denies them. To the extent this paragraph makes any factual allegations relating to Defendant, Safeway denies those allegations.

93. Safeway lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 93 and therefore, denies them. To the extent this paragraph makes any factual allegations relating to Defendant, Safeway denies those allegations.

94. Safeway lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 94 and therefore, denies them. To the extent this paragraph makes any factual allegations relating to Defendant, Safeway denies those allegations.

95. Safeway lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 95 and therefore, denies them. To the extent this paragraph makes any factual allegations relating to Defendant, Safeway denies those allegations.

96. Safeway lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 96 and therefore, denies them. To the extent this paragraph makes any factual allegations relating to Defendant, Safeway denies those allegations.

97. Safeway lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 97 and therefore, denies them. To the extent this paragraph makes any factual allegations relating to Defendant, Safeway denies those allegations.

98. Safeway lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 98 and therefore, denies them. To the extent this paragraph makes any factual allegations relating to Defendant, Safeway denies those allegations.

99. Safeway lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 99 and therefore, denies them. To the extent this paragraph makes any factual allegations relating to Defendant, Safeway denies those allegations.

100. Paragraph 100 states a legal conclusion that requires no response from Safeway. To the extent a response is required, Safeway denies the allegations of Paragraph 100. To the extent Paragraph 100 makes any factual allegations relating to Defendant, Safeway denies those allegations.

101. Safeway denies the allegations contained in Paragraph 101 as they relate to Safeway. Safeway lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 101 and therefore, denies them.

102. Paragraph 102 states a legal conclusion that requires no response from Safeway. Safeway further states that the October 11, 2006 memorandum from the CMS Director of Medicare Drug Benefit Group speaks for itself, and Safeway denies any statements in Paragraph 102 inconsistent with that document. To the extent Paragraph 102 makes any factual allegations relating to Defendant, Safeway denies those allegations.

103. Paragraph 103 states a legal conclusion that requires no response from Safeway. Safeway further states that any written guidance from federal or state regulators speaks for itself, and Safeway denies any statements in Paragraph 103 inconsistent with those documents. To the extent Paragraph 103 makes any factual allegations relating to Defendant, Safeway denies those allegations.

## VII. DEFENDANT'S U&C PRICE FRAUD

### A. Summary Description of Unlawful Acts

104. Safeway denies the statements in the first sentence of Paragraph 104. Safeway admits that at various times prescription drug discount programs were promoted and offered at Safeway banner stores and affiliated banner stores. Safeway denies the remaining allegations of Paragraph 104.

105. Safeway denies the statement in the first sentence of Paragraph 105. Safeway states that at various times prescription drug discount programs were promoted by and offered at Safeway banner and affiliated banner stores, and that one such program featured a formulary of approximately 300 drugs and offered formulary drugs at $4 for a 30 days' supply, $8 for a 60 days' supply, and $12 for a 90 days' supply. Safeway also admits that during certain time frames

Safeway banner and affiliated banner stores offered to match prices offered by other pharmacies for certain drugs in certain circumstances. Safeway admits prescription drug discount programs offered at Safeway banner and affiliated banner stores were free to join and offered percentage discounts on certain branded and generic prescription drugs, including during certain periods, 10% off branded medications and 20% off non-formulary generics. Safeway denies the remaining allegations of Paragraph 105.

106. Safeway denies the allegations of Paragraph 106.

107. Because Relator has not provided a relevant time period for the allegations in this paragraph, Safeway lacks sufficient information to respond fully to it. Safeway denies that all of its corporate promotional materials stated that "Discounts and Incentives are not available to patients whose prescriptions are paid in whole or part by Medicare, Medicaid or other federal health care programs." Safeway states that written promotional materials relating to pharmacy matters and pharmacy discount drug programs speak for themselves, and Safeway denies any statements in Paragraph 107 inconsistent with those documents. Safeway denies the remaining allegations of Paragraph 107.

108. Paragraph 108 states legal conclusions that require no response from Safeway. To the extent a response is required, Safeway denies the allegations of Paragraph 108. To the extent Paragraph 108 makes factual allegations relating to Defendant, Safeway denies those allegations.

109. Safeway denies the allegations of Paragraph 109.

110. Safeway denies the allegations of Paragraph 110.

111. Safeway denies the allegations of Paragraph 111.

**B. Defendant's Discount Drug Programs**

112. Safeway admits that it has faced competition for pharmacy customers from other pharmacies, including those contained within traditional grocery retailers and club stores. Safeway denies the remaining allegations of Paragraph 112.

113. Safeway lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 113 and therefore, denies them. To the extent this paragraph makes any factual allegations relating to Defendant, Safeway denies those allegations.

114. Safeway denies the statements in the first sentence of Paragraph 114. Because Relator has not provided a relevant time period or defined the term "the offers" in the final sentence of this paragraph, Safeway lacks sufficient information to respond fully to it. Safeway states that since at least the late 1990s Safeway has from time to time promoted and/or offered prescription drug discount programs; that certain of these programs were rolled out over time at Safeway banner and affiliated banner stores in certain states; that these programs were not insurance; and that, at times, pharmacists at Safeway banner and affiliated banner stores did match their competitors' prices on some drugs at their customers' request. Safeway further states that it made the terms and conditions of these programs publically available, including at times on various websites. Safeway denies the remaining allegations of Paragraph 114.

115. Safeway admits that, at times, pharmacies in Safeway banner and affiliated banner stores did match their competitors' prices on some drugs under certain circumstances. Safeway denies the remaining allegations of Paragraph 115.

116. Safeway admits that in 2008, a prescription drug discount program (hereinafter referred to as the "$4 Generic Program") was launched in certain geographic markets and that this program was widely publicized in newspapers across the nation including the Washington Post, Wall Street Journal, and Chicago Tribune as well as industry publications such as

Supermarket News. Safeway admits that as part of the $4 Generic Program, certain stores offered a formulary of approximately 300 generic drugs priced at $4 for a 30 days' supply, $8 for a 60 days' supply, and $12 for a 90 days' supply. Safeway admits that the formulary list, which changed over time, and terms of the discounts offered for this program were publicly distributed and available including on Defendant's banner websites. Safeway admits that certain stores, on occasion, offered to price match any competitors' price for a prescription drug not on its $4 Generic Program formulary. Safeway admits the $4 Generic Program did not require a customer to enroll or become a member. Safeway denies the remaining allegations of Paragraph 116.

117. Safeway denies the statement in the first sentence of Paragraph 117. Safeway states that at times Safeway promoted and/or offered various prescription drug discount programs; that the terms and conditions of these programs were made public; that some of these prescription drug discount programs required membership and that in order to become a member, an individual had to fill out a membership application form that asked for identifying information such as name, address, and phone number; that certain of these programs were promoted to customers without insurance or with insufficient insurance coverage; that certain of these prescription drug programs involved drug formularies, and that from time to time, formulary lists were distributed to customers and made available on websites; that one such program involved a drug formulary featuring approximately 300 generic drugs that were priced at $4 for a 30 days' supply, $8 for a 60 days' supply, and $12 for a 90 days' supply; that certain of these drug discount programs involved discounts of 10% off branded medications and 20% off certain generics; that, at times, its pharmacies did match their competitors' prices on some drugs; and that stores in the Western United States were among those that implemented these programs. Safeway further states that its first membership-based prescription drug discount program was

HealthClub55, which was begun in the 1990s. Safeway further states that another membership-based prescription drug discount program was launched in Texas in or about July 2010. Safeway denies the remaining allegations of Paragraph 117.

118. Safeway admits that the $4 Generic Program, as defined in Safeway's answer to Paragraph 116, was discontinued in or before July 2010, and that thereafter a membership program was offered in certain geographic areas that included a formulary of approximately 300 generic drugs priced at $4 for a 30 days' supply, $8 for a 60 days' supply, and $12 for a 90 days' supply; discounts of 10% off branded medications; and 20% off non-formulary generics. Safeway admits the membership enrollment form asked for the customer's name, address, phone number, email address, date of birth, and number of dependents to enroll in the Membership Program. Safeway denies the remaining allegations of Paragraph 118.

119. Safeway denies the allegations of Paragraph 119.

120. Safeway denies the allegations of Paragraph 120.

121. Because Relator fails to specify a time period or define "Defendant's automatic $4 discount plan," Safeway is unable to respond fully to this paragraph. Safeway denies the statement in the first sentence of Paragraph 121. Safeway states that the $4 Generic Program, as defined in Safeway's answer to Paragraph 116, existed and that in certain geographic areas under this program some generic drugs on a formulary were offered at $4 for a 30 days' supply; that $4 Generic Program prices were offered to all customers, including all cash-paying customers and those insured by government health benefit programs; and that during the operation of the $4 Generic Program, Safeway reported U&C prices as required by law. Safeway admits that the U&C field submitted to all third party payers through its claim adjudication system was the same for all drugs on the formulary during the operation of the $4 Generic Program and included the

$4, $8 or $12 price (depending on the number of days' supply). Safeway denies the allegations in the last sentence of Paragraph 121, and the remaining allegations of Paragraph 121.

122. Safeway denies the allegations of Paragraph 122.

123. Safeway denies the allegations of Paragraph 123.

124. Safeway denies the factual assertions in the first sentence of Paragraph 124. To the extent that Paragraph 124 purports to quote from a written document, namely an email, this email speaks for itself, and Safeway denies any statements in Paragraph 124 inconsistent with that document. Safeway denies the remaining assertions in Paragraph 124.

125. To the extent that Paragraph 125 purports to quote from a written document, namely an email, this email speaks for itself, and Safeway denies any statements in Paragraph 125 inconsistent with that document. Safeway denies the remaining allegations of Paragraph 125.

126. Safeway denies the existence of the scheme referenced in Paragraph 126. To the extent that Paragraph 126 purports to quote from a written document, namely an email, this document speaks for itself, and Safeway denies any statements in Paragraph 126 inconsistent with that document. Safeway denies the remaining allegations of Paragraph 126.

127. To the extent that Paragraph 127 purports to quote from a written document, namely an email, this document speaks for itself, and Safeway denies any statements in Paragraph 127 inconsistent with that document. Safeway denies the remaining allegations of Paragraph 127.

128. To the extent that Paragraph 128 purports to quote a written document, namely an email, this document speaks for itself, and Safeway denies any statements in Paragraph 128 inconsistent with that document. Safeway denies the remaining allegations of Paragraph 128.

129. Safeway denies the allegations of Paragraph 129.

130. To the extent that Paragraph 130 purports to quote a written document, namely an email, this document speaks for itself, and Safeway denies any statements in Paragraph 130 inconsistent with that document. Safeway denies the remaining allegations of Paragraph 130.

131. To the extent that Paragraph 131 purports to quote a written document, namely an email, this document speaks for itself, and Safeway denies any statements in Paragraph 131 inconsistent with that document. Safeway denies the remaining allegations of Paragraph 131.

132. Safeway admits when the $4 Generic Program, as defined in Safeway's answer to Paragraph 116, transitioned to a membership-based prescription drug discount program, aspects of this transition were directed and supervised by Jose Alcaine and Jesse Talamantez, with the assistance of (according to geographic area) Julie Spier, Steve Scalzo, division managers and others. Safeway denies the remaining allegations of Paragraph 132.

133. Because Relator fails to specify a time period or a specific "membership program," and to define "this" in the second sentence of this paragraph, Safeway is unable to respond to this paragraph fully. Safeway admits that Mr. Alcaine gave various directions in conjunction with the implementation of the membership based prescription drug discount program that began in Texas in or about July 2010, but denies the remaining allegations of Paragraph 133.

134. Safeway denies that the scheme referenced in Paragraph 134 existed. To the extent that Paragraph 134 purports to quote a written document, namely an email, this document speaks for itself, and Safeway denies any statements in Paragraph 134 inconsistent with that document. Safeway denies the remaining allegations of Paragraph 134.

135. Safeway denies the statement in the first sentence of Paragraph 135. To the extent that Paragraph 135 purports to quote a written document, namely an email, this document speaks for itself, and Safeway denies any statements in Paragraph 135 inconsistent with that document. Safeway denies the remaining allegations of Paragraph 135.

136. Safeway denies the allegations of Paragraph 136.

137. Safeway denies that the scheme referenced in Paragraph 137 existed. To the extent that Paragraph 137 purports to quote a written document, namely an email, this document speaks for itself, and Safeway denies any statements in Paragraph 137 inconsistent with that document. Safeway denies the remaining allegations of Paragraph 137.

138. To the extent that Paragraph 138 purports to quote a written document, namely an email, this document speaks for itself, and Safeway denies any statements in Paragraph 138 inconsistent with that document. Safeway denies the remaining allegations of Paragraph 138.

139. To the extent that Paragraph 139 purports to quote a written document, namely an email, this document speaks for itself, and Safeway denies any statements in Paragraph 139 inconsistent with that document. Safeway denies the remaining allegations of Paragraph 139.

140. Safeway denies the statement in the first sentence of Paragraph 140. The second and third sentences of Paragraph 140 contain legal conclusions to which no response is required. If a response is required, Safeway denies the statements in the second and third sentence of Paragraph 140. Further, to the extent Paragraph 140 purports to quote a written document, this document speaks for itself, and Safeway denies any statements in Paragraph 140 inconsistent with that document. Safeway denies the remaining allegations of Paragraph 140.

141. Paragraph 141 states a legal conclusion that requires no response from Safeway. To the extent a response is required, Safeway denies the allegations of Paragraph 141. To the

extent this paragraph makes any factual allegations relating to Defendant, Safeway denies those allegations.

**C. Information Supporting Relator's Claims**

**1. Relator's General Supporting Information**

142. Safeway admits that in or about June of 2011, Relator became employed at Safeway's Tom Thumb #3625 in Grapevine, Texas. Safeway admits that Relator was trained by Tom Thumb on its major pharmacy policies, processes, and procedures, including its pricing, billing practices, promotions, dispensing, safety standards, drug utilization review and regulatory compliance. Safeway denies the remaining allegations of Paragraph 142.

143. Safeway admits that Relator training included training on Tom Thumb's electronic PDX system. Safeway denies the remaining allegations of Paragraph 143.

144. Safeway admits that Relator received the Code of Business Conduct. Safeway states that this document speaks for itself, and Safeway denies any statements in Paragraph 144 inconsistent with that document. Safeway denies the remaining allegations of Paragraph 144.

145. Safeway lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Relator's subjective discoveries and conclusions described in Paragraph 145, and therefore, denies them. Safeway denies the remaining allegations of Paragraph 145.

146. Safeway denies the allegations of Paragraph 146.

147. Safeway denies the allegations of Paragraph 147.

148. Safeway lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Wal-Mart and regarding Relator's beliefs or purported and subjective discoveries, and therefore, denies them. Safeway denies the remaining allegations of Paragraph 148.

149. Safeway denies that its computer claims adjudication system was set up by it so that all claims processed for GHPs were being adjudicated at inflated U&C and Negotiated Prices. Safeway lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 149 regarding Relator's referenced general pharmacy experience, training, and subjective discoveries and conclusions and therefore, denies them. Safeway admits that during Relator's employment with Tom Thumb, Relator used and exceeded his authorized access to the pharmacy's claims adjudication system to examine historical records of paid patient claims. Safeway states that Relator's examination of historical records of paid patient claims was for purposes unrelated to his scope of work and duties as a staff pharmacist, and that as such it exceeded his authorized access to his employer's computerized database and violated his employer's policies and procedures as well as applicable federal and state laws. Safeway denies the remaining allegations of Paragraph 149.

150. Safeway lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Relator's conduct or knowledge in Paragraph 150 and therefore, denies them. Safeway denies the remaining allegations of Paragraph 150.

151. Because Relator fails to explain or define "these prescriptions," Safeway lacks the knowledge or information sufficient to respond to allegations relating to specific prescriptions, and therefore denies them. Safeway states that it follows and has followed all applicable laws and regulations governing the storage of prescriptions electronically and otherwise. To the extent Paragraph 151 states a legal conclusion, it requires no response from Safeway. To the extent a response is required, Safeway denies the remaining allegations of Paragraph 151. To the extent this paragraph makes any factual allegations relating to Defendant, Safeway denies those allegations.

152. Safeway denies the allegations of the first sentence of Paragraph 152. With respect to the second sentence of this paragraph, Safeway lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Relator's conduct or knowledge in Paragraph 152 and therefore, denies them.

153. Safeway denies the allegations of Paragraph 153.

154. Because Relator fails to provide sufficient identifying information, Safeway lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding unnamed pharmacy staff's conduct, intent, or knowledge in Paragraph 154 and therefore, denies them. Safeway denies the remaining allegations of Paragraph 154.

155. Safeway lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Relator's subjective discovery or conduct referenced in Paragraph 155 and therefore, denies them. Because Relator fails to provide any details concerning time frame, place or discount program involved concerning the alleged co-payment, claim, and reimbursement amount referenced in the first sentence of Paragraph 155, Safeway lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations in the first sentence, and therefore, denies them. Safeway denies the statement in the final sentence of Paragraph 155.

156. Safeway lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Relator's conduct or subjective discovery referenced in Paragraph 156 and therefore, denies them. Safeway admits that during certain time periods, certain stores, on occasion, offered to price match a competitors' price for certain prescription drugs. Safeway denies the remaining allegations of Paragraph 156.

157. Safeway lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Relator's conduct or subjective discovery referenced in Paragraph 157 and therefore, denies them. Because Relator fails to define "Defendant's discount program" or specify which prescription drug discount program he is referencing, Safeway is unable to respond fully to Paragraph 157. Safeway admits that the membership program that was launched in 2010 offered members 10% discounts on brand drugs and 20% discounts on certain generic drugs. Safeway denies the remaining allegations of Paragraph 157.

158. Safeway denies the allegations of Paragraph 158.

159. Safeway lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Relator's conduct or knowledge and unnamed pharmacy staff's conduct or knowledge in Paragraph 159 and therefore, denies them. Safeway denies the remaining allegations of Paragraph 159.

160. Because Relator does not specify which prescription drug discount program membership form, Safeway cannot respond fully to Paragraph 160. Safeway admits that the membership program that was launched in Texas in 2010 had an enrollment form that contains the quoted language. Safeway states that this document speaks for itself and Safeway denies any statements in Paragraph 160 inconsistent with that document. Safeway denies the remaining allegations of Paragraph 160.

161. Safeway does not deny that Relator had access to the document referenced in Paragraph 161. Safeway states that this document speaks for itself and Safeway denies any statements in Paragraph 161 inconsistent with that document. Safeway denies the remaining allegations of Paragraph 161.

162. Because Relator does not specify a time period or specify which membership program he is intending to reference in Paragraph 162, Safeway cannot respond fully to Paragraph 162. Safeway admits that the membership program that was launched in certain geographic locations in 2010 did not require members to pay a fee and had an enrollment form that required applicants to supply basic identifying information. Safeway denies the remaining allegations of Paragraph 162.

163. Because Relator does not specify a time period, a specific FAQ or which discount program is being referenced in Paragraph 163, Safeway cannot respond fully. Safeway admits an FAQ appears in the Corporate Pharmacy Communication issued in connection with the membership based prescription drug discount program launched in 2010. Safeway states that this document speaks for itself, and Safeway denies any statements in Paragraph 163 inconsistent with that document. Safeway admits that Government Healthcare Benefit Programs could not become members of any of its membership based prescription drug discount programs, and that GHP beneficiaries could participate and receive discounts in Defendant's various prescription drug discount programs depending on the circumstances. Safeway denies the remaining allegations of Paragraph 163.

164. Safeway denies the allegations of Paragraph 164.

165. Because Relator does not specify a time period or a specific FAQ, Safeway cannot respond fully. Safeway admits an FAQ appears in the Corporate Pharmacy Communication issued in connection with the membership based prescription drug discount program launched in 2010. Safeway states that this document speaks for itself, and Safeway denies any statements in Paragraph 165 inconsistent with that document. Safeway denies the remaining allegations of Paragraph 165.

166. Because Relator does not specify a time period or a specific FAQ, Safeway cannot respond fully. Safeway admits an FAQ appears in the Corporate Pharmacy Communication issued in connection with the membership based prescription drug discount program launched in 2010, and that this FAQ references PDX and Enterprise. Safeway states that this document speaks for itself and Safeway denies any statements in Paragraph 166 inconsistent with that document. Safeway denies the remaining allegations of Paragraph 166.

167. Because Relator does not specify a time period or a specific FAQ, Safeway cannot respond fully. Safeway denies the allegations of Paragraph 167.

168. Safeway lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 168 regarding Relator's referenced general pharmacy experience, training, and subjective discoveries and conclusions and therefore, denies them. Safeway admits that during Relator's employment with Tom Thumb, Relator used and exceeded his authorized access to the pharmacy's claims adjudication system to examine historical records of paid patient claims. Safeway states that Relator's examination of historical records of paid patient claims was for purposes unrelated to his scope of work and duties as a staff pharmacist, and that as such it exceeded his authorized access to his employer's computerized database and violated his employer's policies and procedures as well as applicable federal and state laws. Safeway denies the remaining allegations of Paragraph 168.

169. Safeway lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 169 regarding Relator's subjective beliefs and therefore, denies them. Safeway denies the remaining allegations of Paragraph 169.

170. Safeway admits that during the time that Relator was employed by Randall's, certain of his co-workers witnessed certain of Relator's activities and that they reported to

Relator's supervisors that they suspected that Relator was improperly accessing protected patient health information ("PHI"), printing out PHI from the pharmacy computer, and taking home printouts containing PHI. Safeway further admits that a supervisor thereafter questioned Relator about those activities. Safeway denies the remaining allegations of Paragraph 170.

171. Safeway admits that in October 2011, Rodney Lee and David Hicks met with Relator to discuss his improper activities including his misappropriation of PHI, proprietary and HIPAA-protected information. Safeway denies the remaining allegations of Paragraph 171.

172. Safeway denies the allegations of Paragraph 172.

173. Safeway denies the allegations of Paragraph 173.

174. Safeway denies the allegations of Paragraph 174.

175. Safeway lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 175 regarding Relator's referenced conduct and subjective understanding and therefore, denies them. Safeway admits that during Relator's employment with Tom Thumb, Relator used and exceeded his authorized access to the pharmacy's claims adjudication system to examine historical records of paid patient claims. Safeway states that Relator's examination of historical records of paid patient claims was for purposes unrelated to his scope of work and duties as a staff pharmacist, and that as such it exceeded his authorized access to his employer's computerized database and violated his employer's policies and procedures as well as applicable federal and state laws. Safeway denies the remaining allegations of Paragraph 175.

176. Safeway lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 176 regarding Relator's subjective feelings, and therefore, denies them. Safeway denies the remaining allegations of Paragraph 176.

177. Safeway denies that Relator was able to obtain any specific representative examples of fraud or fraudulent transactions during his employment. Safeway states that, while employed, Relator misused the access Tom Thumb provided him to confidential company information to access protected claims data and customers' personal identifying information and electronic records outside the normal course of his duties as a staff pharmacist. Safeway further states that during the time that Relator was employed there, certain of his co-workers witnessed Relator improperly accessing PHI, printing out PHI from the pharmacy computer, and taking home printouts containing PHI. Safeway denies the remaining allegations of Paragraph 177.

178. Safeway lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Relator's conduct or knowledge in Paragraph 178 and therefore, denies them. Safeway denies the remaining allegations of Paragraph 178.

179. The allegations of Paragraph 179 state a legal conclusion that requires no response from Safeway. To the extent a response is required, Safeway denies the allegations of Paragraph 179. To the extent this paragraph makes any factual allegations relating to Defendant, Safeway denies those allegations.

180. Safeway admits that Relator has improperly and illegally obtained PHI and other confidential information from at least one other individual, whom Relator has identified as a pharmacist who was licensed in Colorado and who worked for Defendant there. Safeway lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 180, and therefore denies them.

181. Safeway denies the existence of a so-called U&C pricing fraud scheme. Safeway lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Relator's purported conclusions based upon communications with

unnamed third parties, and therefore, denies them. Safeway denies the remaining allegations of Paragraph 181.

182. Safeway admits that Relator obtained records of specific pharmacy transactions containing protected health information that were illegally procured by an individual whom Relator has identified as a Colorado Safeway pharmacist and that Relator has used this unlawfully obtained information in his amended complaint. Safeway states that, in so doing, Relator aided and abetted that individual's violations of HIPAA and relevant state privacy laws as well as his/her related criminal and civil violations including, but not limited to attempted extortion, unlawful access of protected computer systems in violation of 18 U.S.C. § 1830 et seq., theft, and civil fraud, breach of fiduciary duty, and conversion. Safeway further states that Relator conspired with the "former Colorado Safeway pharmacist" to obtain and convert improperly and illegally obtained PHI and other confidential information for financial gain. Further, because Relator fails to provide sufficient detail concerning the information allegedly provided by the Colorado pharmacist, Safeway lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding the origin of the alleged pharmacy transactions, namely whether they were transactions that occurred at a Safeway pharmacy, and therefore Safeway denies those allegations. Safeway denies the remaining allegations of Paragraph 182.

183. Safeway denies that any "nationwide fraud scheme" existed, and denies the remaining allegations of Paragraph 183.

184. Because Relator has not defined or identified "these additional records" or named the "Colorado pharmacist" or "patients" in question, Safeway cannot respond fully to Paragraph 184. Safeway denies that any transaction records the Colorado pharmacist provided to

Relator were obtained in the first instance by him/her from patients. Safeway states that it does not make its claims transactions data available (namely, the electronic claims data transmitted to government healthcare programs or other third party payors) to its customers in the first instance such that patients would be in a position to share this data with any third party. Safeway further denies that, if the "additional records" were obtained from Safeway's data or records systems, at the time the Colorado pharmacist accessed and obtained Safeway's confidential data containing PHI, the Colorado pharmacist had the relevant patient's permission to do so, and denies that any permission purportedly provided by Safeway customers was obtained by the Colorado pharmacist via informed consent freely given. Safeway states that Relator has used unlawfully obtained information in his amended complaint. Safeway lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding whether unidentified records that Relator may have obtained from a Colorado pharmacist who misappropriated them were shared with the government, and therefore, denies them. Safeway denies the remaining allegations of Paragraph 184.

185. Safeway lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Relator's conduct or knowledge of an unnamed pharmacists' conduct or knowledge in Paragraph 185 and therefore, denies them. Safeway admits that at least one former Safeway Pharmacist in Colorado, during her employment with Safeway, caused false and fraudulent claims to be submitted without the knowledge of Safeway or any of its other employees. Safeway denies the remaining allegations of Paragraph 185.

**2. Specific Medicare Part D Transactions**

186. With respect to example (e) in the table in Paragraph 186, which allegedly concerns a prescription for a customer's pet, Safeway denies that any such transaction is capable

of evidencing fraud on Medicare Part D insofar as Medicare Part D does not provide coverage for pets, animals or veterinary prescriptions, and no claim was submitted to that GHP. Safeway denies the remaining factual allegations. Because Relator has not provided sufficient identifying information for the claims allegedly referenced in the table in this paragraph, Safeway lacks knowledge or information sufficient to form a belief as to the truth or falsity of the factual allegations set forth in Paragraph 186 -- other than example (e), which is defective on its face as a matter of law -- and therefore, denies them. As for the statements in Paragraph 186 that constitute legal conclusions or purport to describe the table and its fields, no response from Safeway is required**.** Safeway denies the remaining allegations in Paragraph 186.

**3. Specific TRICARE Transactions**

187. Because Relator has not provided sufficient identifying information for the claims allegedly reference in the table in this paragraph, Safeway lacks knowledge or information sufficient to form a belief as to the truth or falsity of the factual allegations set forth in Paragraph 187 and therefore, denies them. As for the statements in Paragraph 187 that constitute legal conclusions or purport to describe the table and its fields, no response from Safeway is required. Safeway denies the remaining allegations in Paragraph 187.

**4. Specific Medicaid Transactions**

188. Because Relator has not provided sufficient identifying information for the claims allegedly reference in the table in this paragraph, Safeway lacks knowledge or information sufficient to form a belief as to the truth or falsity of the factual allegations set forth in Paragraph 188 and therefore, denies them. As for the statements in Paragraph 188 that constitute legal conclusions or purport to describe the table and its fields, no response from Safeway is required. Safeway denies the remaining allegations in Paragraph 188.

### D. Summary of Defendant's Fraudulent Scheme

189. Safeway denies the allegations of Paragraph 189.

190. Safeway denies the allegations of Paragraph 190.

## COUNT I—FEDERAL FALSE CLAIMS ACT

191. Safeway reincorporates and realleges herein its responses to Paragraphs 1-190.

192. Safeway denies the allegations of Paragraph 192.

193. Paragraph 193 states a legal conclusion that requires no response from Safeway. To the extent a response is required, Safeway denies the allegations of Paragraph 193.

194. Safeway denies the allegations of Paragraph 194.

195. Safeway states that 31 U.S.C. § 3729 speaks for itself, and Safeway denies any statements in Paragraph 195 inconsistent with that document. To the extent Paragraph 195 makes any factual allegations relating to Defendant, Safeway denies those allegations.

196. Safeway denies the allegations of Paragraph 196.

197. Safeway denies the allegations of Paragraph 197.

198. Safeway denies the allegations of Paragraph 198.

199. Safeway denies the allegations of Paragraph 199.

200. Safeway denies the allegations of Paragraph 200.

201. Safeway denies the allegations of Paragraph 201.

202. Safeway denies the allegations of Paragraph 202.

203. Safeway denies the allegations of Paragraph 203.

## COUNT II—CALIFORNIA FALSE CLAIMS ACT

204. Safeway reincorporates and realleges herein its responses to Paragraphs 1-190.

205. Paragraph 205 states a legal conclusion that requires no response from Safeway. To the extent a response is required, Safeway denies the allegations of Paragraph 205.

206. Safeway denies the allegations of Paragraph 206.

**COUNT III—COLORADO FALSE CLAIMS ACT**

207. Safeway reincorporates and realleges herein its responses to Paragraphs 1-190.

208. Paragraph 208 states a legal conclusion that requires no response from Safeway. To the extent a response is required, Safeway denies the allegations of Paragraph 208.

209. Safeway denies the allegations of Paragraph 209.

**COUNT IV—DELAWARE FALSE CLAIMS AND REPORTING ACT**

210. Safeway reincorporates and realleges herein its responses to Paragraphs 1-190.

211. Paragraph 211 states a legal conclusion that requires no response from Safeway. To the extent a response is required, Safeway denies the allegations of Paragraph 211.

212. Safeway denies the allegations of Paragraph 212.

**COUNT V—DISTRICT OF COLUMBIA FALSE CLAIMS ACT**

213. Safeway reincorporates and realleges herein its responses to Paragraphs 1-190.

214. Paragraph 214 states a legal conclusion that requires no response from Safeway. To the extent a response is required, Safeway denies the allegations of Paragraph 214.

215. Safeway denies the allegations of Paragraph 215.

**COUNT VI—HAWAII FALSE CLAIMS ACT**

216. Safeway reincorporates and realleges herein its responses to Paragraphs 1-190.

217. Paragraph 217 states a legal conclusion that requires no response from Safeway. To the extent a response is required, Safeway denies the allegations of Paragraph 217.

218. Safeway denies the allegations of Paragraph 218.

**COUNT VII—ILLINOIS FALSE CLAIMS ACT**

219. Safeway reincorporates and realleges herein its responses to Paragraphs 1-190.

220. Paragraph 220 states a legal conclusion that requires no response from Safeway. To the extent a response is required, Safeway denies the allegations of Paragraph 220.

221. Safeway denies the allegations of Paragraph 221.

**COUNT VIII—MONTANA FALSE CLAIMS ACT**

222. Safeway reincorporates and realleges herein its responses to Paragraphs 1-190.

223. Paragraph 223 states a legal conclusion that requires no response from Safeway. To the extent a response is required, Safeway denies the allegations of Paragraph 223.

224. Safeway denies the allegations of Paragraph 224.

**COUNT IX—NEW JERSEY FALSE CLAIMS ACT**

225. Safeway reincorporates and realleges herein its responses to Paragraphs 1-190.

226. Paragraph 226 states a legal conclusion that requires no response from Safeway. To the extent a response is required, Safeway denies the allegations of Paragraph 226.

227. Safeway denies the allegations of Paragraph 227.

**COUNT X—NEW MEXICO FRAUD AGAINST TAXPAYERS ACT**

228. Safeway reincorporates and realleges herein its responses to Paragraphs 1-190.

229. Paragraph 229 states a legal conclusion that requires no response from Safeway. To the extent a response is required, Safeway denies the allegations of Paragraph 229.

230. Safeway denies the allegations of Paragraph 230.

**COUNT XI—NEVADA FALSE CLAIMS ACT**

231. Safeway reincorporates and realleges herein its responses to Paragraphs 1-190.

232. Paragraph 232 states a legal conclusion that requires no response from Safeway. To the extent a response is required, Safeway denies the allegations of Paragraph 232.

233. Safeway denies the allegations of Paragraph 233.

**COUNT XII—VIRGINIA FRAUD AGAINST TAXPAYERS ACT**

234. Safeway reincorporates and realleges herein its responses to Paragraphs 1-190.

235. Paragraph 235 states a legal conclusion that requires no response from Safeway. To the extent a response is required, Safeway denies the allegations of Paragraph 235.

236. Safeway denies the allegations of Paragraph 236.

## DEFENSES

### FIRST AFFIRMATIVE DEFENSE
**Failure to State a Claim**

Relator fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
**Unconstitutionality of Damages and Penalties**
**U.S. Constitution, Eighth Amendment**

Relator seeks treble damages and civil penalties of $5,000 to $10,000 per false claim, pursuant to 31 U.S.C. § 3729(a). Relator alleges that Safeway ignored prescription drugs purchased via the $4 Generic Program, the Membership Program and/or with price matching when determining its "usual and customary" price, and therefore submitted claims for reimbursement from the Government and Plaintiff-States for an "inflated" usual and customary price for drugs listed on its formulary lists for those programs. Assuming that the Government or the Plaintiff-States sustained loss or compensable damages as a result of Safeway's "usual and customary" price, the award of treble damages and imposition of civil penalties is grossly disproportionate to Safeway's conduct. Such treble damages and civil penalties are excessive and violate the Excessive Fines Clause of the Eighth Amendment of the United States Constitution.

### THIRD AFFIRMATIVE DEFENSE
**Unconstitutionality of Damages and Penalties**
**U.S. Constitution, Fifth Amendment and Fourteenth Amendment**

Relator seeks treble damages and civil penalties of $5,000 to $10,000 per false claim, pursuant to 31 U.S.C. § 3729(a). Relator alleges that ignored prescription drugs purchased via the $4 Generic Program, the Membership Program and/or with price matching when determining its "usual and customary" price, and therefore submitted claims for reimbursement from the

Government and Plaintiff-States for an "inflated" usual and customary price for drugs listed on its formulary lists for those programs. Assuming that the Government or the Plaintiff-States sustained loss or compensable damages as a result of Safeway's "usual and customary" price, the award of treble damages and imposition of civil penalties is grossly disproportionate to Safeway's conduct. Such treble damages and civil penalties are excessive and violate the Due Process Clause of the Fifth Amendment of the United States Constitution and the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

## FOURTH AFFIRMATIVE DEFENSE
**Federal Statute of Limitation**

Count I seeks damages for claims submitted from 2007-2015. This claim is barred in whole or in part by the six-year statute of limitation for the False Claims Act. 31 U.S.C. § 3729(b).

## FIFTH AFFIRMATIVE DEFENSE
**State Statutes of Limitation**

Counts II –XII seek damages for claims submitted from 2007-2015. These claims may be barred in whole or in part by the various statutes of limitation for each relevant statute for the states of California, Colorado, Delaware, District of Columbia, Hawaii, Illinois, Montana, Nevada, New Jersey, New Mexico, and Virginia.

## SIXTH AFFIRMATIVE DEFENSE
**Publicly Available Information**

Relator's claims are barred under the False Claims Act public disclosure bar because the claims, allegations and transactions described in the Amended Complaint were "publicly disclosed" prior to the filing or unsealing of the lawsuit and therefore, Relator is not an "original source" of the information as defined by 31 U.S.C. § 3730(c)(4)(B).

**SEVENTH AFFIRMATIVE DEFENSE**
**Unconstitutional Retroactive Application of Fraud Enforcement and Recovery Act of 2009**

The Fraud Enforcement and Recovery Act of 2009, Pub. L. No. 111-21 Stat. 1617 was enacted on May 20, 2009 ("FERA"). To the extent Relator identifies claims submitted by Safeway before May 20, 2009, but seeks to impose liability and collect damages and penalties under the False Claims Act, as amended by FERA, such a retroactive application is barred by the Ex Post Facto provision of the United States Constitution. *See* U.S. Const., art. I § 9, cl. 3.

**EIGHTH AFFIRMATIVE DEFENSE**
**Arbitration**

Certain contracts that Safeway had entered into with PBMs or Plans contain arbitration clauses governed by the Federal Arbitration Act. If Relator's case is based, in whole or in part, on any of those contracts containing an arbitration clause, none of which has been identified by Relator, upon identification, Safeway will move to compel arbitration pursuant to such clauses and the Federal Arbitration Act, 9 U.S.C. § 1 *et seq*.

**NINTH AFFIRMATIVE DEFENSE**
**All Claims Were not "Paid by or Presented the Government"**

At relevant times, the False Claims Act only applied to those claims that were "paid by the government" and did not include those that may have been paid 'using government funds.'" *Allison Engine Co., Inc. v. U.S. ex rel. Sanders*, 128 S. Ct. 2123 (2008); *United States ex rel. Totten v. Bombardier Corp.*, 380 F. 3d 488 (D.C. Cir. 2004) (Roberts, J.). To the extent that Relator's claims involve individuals whose prescriptions costs were paid by private entities using federal government funds and were not paid directly by the federal government, those claims are barred. To the extent that there was no presentment there is no liability under 31 U.S. § 3729(a)(1).

**<u>TENTH AFFIRMATIVE DEFENSE</u>**
**Failure to Plead with Particularity**

Relator has failed to allege circumstances constituting fraud with sufficient particularity.

**<u>ELEVENTH AFFIRMATIVE DEFENSE</u>**
**Illegality**

Relator's claims are barred because the healthcare program referenced in the Amended Complaint failed to follow their federal and state statutory and regulatory requirement for adoption and approval of their reimbursement rates, formulas, definitions and methodologies.

**<u>TWELFTH AFFIRMATIVE DEFENSE</u>**
**Good Faith Compliance with Laws and Regulations**

Relator's claims are barred because Safeway complied in good faith with all applicable laws and regulations of the federal and state governments.

**<u>THIRTEENTH AFFIRMATIVE DEFENSE</u>**
**Unclean Hands**

Relator's claims are barred by the doctrine of unclean hands, inequitable conduct, and/or *in pari delicto*.

**<u>FOURTEENTH AFFIRMATIVE DEFENSE</u>**
**Improper Use of Evidence**

Relator's claims are barred because Realtor has exceeded the permissible scope of use of the evidence provided to him by the Texas Attorney General.

**<u>FIFTEENTH AFFIRMATIVE DEFENSE</u>**
**Res Judicata**

Relator's claims are barred, in whole or in part, by the doctrine of res judicata.

**SIXTEENTH AFFIRMATIVE DEFENSE**
**Collateral Estoppel**

Relator's claims are barred, in whole or in part, by the doctrine of collateral estoppel.

**SEVENTEENTH AFFIRMATIVE DEFENSE**
**Equitable Estoppel**

Relator's claims are barred, in whole or in part, by the doctrine of equitable estoppel because Relator's conduct and representations caused Safeway to form a good faith and reasonable belief that Relator would not misuse his access to confidential information in order to act outside his scope of work and duties as a staff pharmacist.

**EIGHTEENTH DEFENSE**
**Government Knowledge**

Relator's claims are barred, in whole or in part, by government knowledge and/or the doctrines of laches, waiver, and/or estoppel.

**NINETEENTH DEFENSE**
**Injunction Prevented U&C Pricing**

Relator's claims relating to pharmacies in California are barred, in whole or in part, during the time period when the Department of Health Care Services of California was enjoined from enforcing the Upper Billing Limit (also known as usual and customary charge) codified at Cal. Welf. & Inst. Code section 14105.455.

**TWENTIETH AFFIRMATIVE DEFENSE**
**All claims violate the 4th Amendment of the US Constitution**

Insofar as this suit relies on information, documents, and other records that were obtained in violation of the 4th Amendment of the United States Constitution, namely the prohibition on unreasonable searches and seizures, this case must be dismissed.

**<u>TWENTY-FIRST AFFIRMATIVE DEFENSE</u>**
**All Claims Violate the Constitution**

This suit is brought under the *qui t*am provisions of the False Claims Act. *See* 31 U.S.C. § 3730. The *qui tam* provisions, though, violate the Executive Powers, Appointments and Take Care Clauses of the United States Constitution (see art. II, § 1, cl. 1, § 2, cl. 2, and § 3, respectively), and therefore, this case must be dismissed.

**<u>TWENTY-SECOND AFFIRMATIVE DEFENSE</u>**
**State Law Claims Are Barred Because of Failure to Comply with State Law Requirements**

Various State False Claims Act statutes require that suit be filed in a state court only or in a specific state court, or that certain pre-filing conditions must be satisfied. The Relator has failed to comply with these State Laws subjecting them to dismissal. With respect to California, the law setting the "unsual and customary" price as part of the claims or reimbursement formula was enjoined by a federal court form May 2010 - 2016 and as such, there was no U&C in that state and claims based on California's U&C must therefore be dismissed.

**<u>TWENTY-THIRD AFFIRMATIVE DEFENSE</u>**
**Impermissible Retroactivity**

Relator's claims are barred, in whole or in part, to the extent Realtor seeks to impose liability retroactively on Defendant for acts or conduct that was, at the time those acts or conduct were committed, permitted, authorized, lawful or required by law.

**<u>Additional Defenses</u>**

Safeway hereby gives notice that it intends to rely on additional affirmative defenses which become available or apparent during discovery and thus reserves the right to amend this Answer to assert such additional defenses.

**WHEREFORE**, Defendant Safeway Inc. respectfully requests that this Court enter judgment in its favor against Plaintiff-Relator Thomas Proctor and dismiss on all counts of his Amended Complaint and to award Safeway its attorneys' fees and costs and any and all other relief that it deems just and necessary.

DATED: January 10, 2017

Respectfully submitted,

By: *s/ Carolyn F. McNiven*
Carolyn F. McNiven (ARDC #6216537)
GREENBERG TRAURIG, LLP
4 Embarcadero Center, Suite 3000
San Francisco, California 94111
Telephone: (415) 655-1300
Facsimile: (415) 707-2010
mcnivenc@gtlaw.com

*Attorney for Defendant Safeway Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 10, 2017, pursuant to CDIL-LR 5.3 and Federal Rule of Civil Procedure 5(b), that the foregoing document was filed electronically with the Clerk of the Court using the CM/ECF and served upon counsel of record.

*s/ Carolyn F. McNiven*
Carolyn F. McNiven