# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES, et al. ex rel.<br>THOMAS PROCTOR,<br><br>    Plaintiffs,<br><br>    v.<br><br>SAFEWAY, INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 11-cv-3406 |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Relator Thomas Proctor's Motion to Compel Answers to Interrogatories 19 Through 25 (d/e 115) (Motion). For the reasons set forth below, the Motion is ALLOWED.

## BACKGROUND

The parties agreed to a limit of 30 interrogatories each. Joint Report of the Parties and Proposed Scheduling and Discovery Order (d/e 74), at 2; Scheduling Order entered February 3, 2017 (d/e 76), at 2. On May 11, 2017, Defendant Safeway, Inc. (Safeway), responded to Proctor's First Set of Interrogatories. Motion, Exhibit A, Defendant's Responses to Relator's First Set of Interrogatories (First Set). Proctor posed Interrogatories 1 through 8 in this First Set. On October 19, 2017 Safeway responded to

Proctor's Second Set of Interrogatories.  Motion, Exhibit B, Defendant's Objections and Responses to Relator's Second Set of Interrogatories (Second Set).  Proctor posed Interrogatories 9 through 11 in this Second Set.[1]  On August 31, 2018, Safeway responded to Proctor's Third Set of Interrogatories.  Motion, Exhibit C, Defendant's Objection and Responses to Relator's Third Set of Interrogatories (Third Set).  Proctor posed interrogatories 12 through 15 in the Third Set.

On September 10, 2018, Safeway responded to Proctor's Fourth Set of Interrogatories.  Motion, Exhibit D, Defendant's Objections and Responses to Relator's Fourth Set of Interrogatories (Fourth Set). Proctor posed Interrogatories 16 through 25 in the Fourth Set.  Safeway responded to Interrogatories 17-25 as follows:

> OBJECTIONS: Defendant objects to this discovery request because Relator's total number of interrogatories, together with their discrete subparts, exceeds the maximum allowable number under this Court's Feb. 23, 2017 scheduling order. See Scheduling Order at d/e 76, ¶ 3 ("Each side shall be allowed to propound upon the other side up to a total of 30 interrogatories").
>
> RESPONSE: Relator had exceeded the maximum allowable interrogatories starting with Interrogatory No. 17. Because this Court's Feb. 23, 2017 scheduling order limits the number of interrogatories propounded on each side to 30 total

---

[1] Safeway numbered its responses to Interrogatories 10 and 11 as responses to Interrogatories 11 and 12.

interrogatories, Relator is not entitled to a response to this interrogatory.

Id., at 7.

The parties met and conferred regarding Safeway's objections to these interrogatories. Safeway asserted that Interrogatories 3, 4, 6, 10, 12, 16, and 18 had multiple discrete subparts that counted as separate interrogatories under the Rules. Safeway stated that Proctor's Interrogatories 17-25 exceeded the agreed upon limit of 30 interrogatories. After the parties completed their attempts to resolve this dispute, Safeway agreed to count Interrogatories 3 and 4 as single interrogatories, and to answer Interrogatories 17 and 18. The parties, however, still disagreed on whether Safeway exceeded the limit of 30 interrogatories. See Defendant's Response to Relator's Motion to Compel Responses to Interrogatories 19 Through 25 (d/e 117), at 4. Proctor brings this Motion to compel Safeway to answer Interrogatories 19-25.

## ANALYSIS

Absent an agreement of the parties or court order, a party may serve no more than 25 written interrogatories, including all discrete subparts. Fed. R. 33(a)(1). Proctor and Safeway agreed to 30 interrogatories, and the Court incorporated that limit into the Scheduling Order. Safeway claims that Interrogatories Nos. 6, 10, 12, 16, and 18 include discrete subparts

that are counted as separate interrogatories under the rules. Safeway claims that it has thereby answered the agreed upon number of 30 interrogatories and objects to answering any more. Proctor claims that he has not yet asked 30 interrogatories, and therefore, Safeway must answer Interrogatories 19-25. Proctor further argues that Safeway waived its objection to discrete subparts in Interrogatories 6 and 10, and so, any discrete subparts in those interrogatories should not count toward the maximum of 30.

Safeway did not waive its objections to Interrogatories 19-25. A party must raise objections in a timely manner or the objections are waived. Fed. R. Civ. P. 33(b)(4). Here, Safeway objected to answering Interrogatories 19-25 because Safeway believes Proctor has already posed the maximum allowed 30 interrogatories when discrete subparts are counted separately. Proctor posed Interrogatories 19-25 in its Fourth Set. Safeway objected to Interrogatories 19-25 in its timely response to the Fourth Set. Safeway did not waive these objections.

Proctor argues that Safeway waived the objections to Interrogatories 19-25 because Safeway did not object to Interrogatories 6 and 10 on the grounds that Interrogatories 6 and 10 had discrete subparts that counted as separate interrogatories. Proctor cites a District Court opinion to support

that position.  Hansen v. Savage Arms Co., 2017 WL 6376342, at *7 (N.D. Iowa Dec. 13, 2017).  This Court respectfully disagrees with the Hansen opinion.  Rule 33 does not prohibit including discrete subparts in an interrogatory.  Rule 33 only sets a maximum number of 25 interrogatories, including discrete subparts, which maximum may be changed in a case by stipulation or court order.  Fed. R. Civ. P. 33(a)(1).  Thus, Safeway did not have a basis to object to Proctor's inclusion of discrete subparts in an interrogatory unless Subway believed that the total number exceeded the maximum in this case of 30.[2]  Safeway did not believe that the First, Second, and Third Sets exceeded the 30-interrogatory limit, and so, did not have a basis to object at that time.

Proctor argues that Safeway should have put him on notice of its interpretations of Interrogatories 6 and 10 "in view of the fact that subparts are notoriously open to interpretation."  Memorandum in Support of Relator's Motion to Compel Responses to Interrogatories 19 Through 25, at 4.  The Court disagrees.  Rule 33 does not require such notice.  Furthermore, this Court's Scheduling Order put Proctor on notice that he was limited to 30 interrogatories.  He knew he could not exceed the limit

---

[2] The Court does not address whether a party may object to discrete subparts that render an interrogatory vague, ambiguous, or otherwise improper.  The Court only addresses the use of discrete subparts in calculating the limit on the number of interrogatories that a party may ask in a given case.

and he knew discrete subparts counted separately toward the maximum of 30. Finally, the Court decides whether interrogatories contain discrete subparts, not the parties.[3] Safeway did not waive its objections to Interrogatories 19 through 25 as exceeding the limit of 30 interrogatories.

In deciding whether an interrogatory contains discrete subparts under Rule 33, the Court must determine whether an interrogatory seeks a single set of information, or distinct and separate sets of information. The analysis is fact-specific to the interrogatory and the context of the case. Many courts determine the primary theme or primary question posed in an interrogatory, and then analyze whether a subpart seeks details responsive to the primary question or distinct from the primary question. See Synopsis, Inc. v. Atoptech, Inc., 319 F.R.D. 293, 294-98 (N.D. Cal. 2016); Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co., 315 F.R.D. 191, 194-97 (E.D. Tex. 2016) (and cases cited therein for an extended discussion of this topic); Kendall v. GES Exposition Services, Inc., 174 F.R.D. 684, 685-86 (D. Nev. 1997) (discussing the primary question analysis); Advisory Committee Notes to 1993 Amendments to Fed. R. Civ. P. 33, 146 F.R.D. 401, 675–76 (1993); 8B Charles Allen Wright, Arthur R. Miller & Richard L.

---

[3] The Court would not have ruled on the merits of an objection to discrete subparts in Interrogatories 6 and 10 because Safeway did not claim that Proctor exceeded the maximum of 30 at that time. The Court would have ordered Safeway to answer without reaching the merits of such premature objections. The Court does not give advisory opinions.

Marcus, Federal Practice and Procedure (Wright & Miller), § 2168.1, at 39-40 (2010) (discussing primary theme analysis).[4]  Some courts also analyze the grammar of the interrogatory to determine whether a subpart grammatically can stand on its own as a separate and independent question.  See Kendall, 174 F.R.D. at 686.  All these methods seek to determine whether an interrogatory seeks a single set of information or distinct and separate sets of information, "[U]ltimately the issue turns on a case-by-case assessment of the degree to which the subpart is logically related to the primary question in the interrogatory, as opposed to being separate and distinct."  Erfindergemeinschaft, 315 F.R.D. at 197.  The Court examines Interrogatories 6, 10, 12, and 18 considering these principles.  The Court has carefully considered each party's arguments that disagree with the Court's conclusions and finds them unpersuasive.

Interrogatory 6

> 6. Identify the approximate relative prescription sales and claims volume (as a percentage of overall total sales and claims across all banners on an annual basis) of those stores for which: data was stored in (a) the "compliance databases" known as RXHR2 and RXDB, (b) in the "McKesson Acert" database, (c) in the corporate-hosted live PDX server, and (d) in none of the databases identified in (a) through (c).

---

[4] The cases also discuss interrogatories that ask for "facts, documents, and witnesses" related to an issue in a case.  Many courts treat the "facts, documents, and witnesses" request as three discrete subparts.  See Synopsis, Inc., 319 F.R.D. at 296-98.  The interrogatories at issue in this case do not contain requests for "facts, documents, and witnesses," so this issue does not arise here.

First Set, Answer to Interrogatory 6. The primary question of this interrogatory asks for the approximate prescription sales and claims volumes of stores. The subparts (a) through (d) identify where to locate the information sought. The subparts are related to the primary question. Interrogatory 6 is one interrogatory for purposes of the 30-interrogatory limit in the Scheduling Order.

Interrogatory 10[5]

> 11. Identify and describe all efforts you made to set, charge, or report different Usual & Customary or Negotiated Price values in different pharmacy transactions involving the same National Drug Code ("NDC") at any given time; and, identify the contractual, statutory, or regulatory basis for any such efforts.

Second Set, Answer to Interrogatory 11.

The parties agree that Interrogatory 10 asks two distinct questions. The primary question seeks information on Safeway's efforts to set, charge, and report certain prices. The last clause asks for the contractual, statutory, or regulatory basis for the action. The last clause does not ask for details or additional information about the effort or process to set prices.

---

[5] Safeway erroneously identified Interrogatories Nos. 10 and 11 as Interrogatories Nos. 11 and 12.

The last clause asks a separate question. Interrogatory 10 is two distinct interrogatories for purposes of the 30-interrogatory limit.

Interrogatory 12

> 12. Describe how to conclusively identify price overrides in the PDX transaction data produced to Relator from the RXHR2 database. If this Interrogatory cannot be answered by reference to a discrete field identifying price overrides, describe the methodology by which price overrides can be identified in the RXHR2 data produced by Safeway to Relator. If the methodology described identifies an approximate number of overrides, rather than a firm, conclusive number, please indicate why this is so.

Third Set, Answer to Interrogatory 12.

Interrogatory 12 is a single interrogatory. The primary question asks how to identify price overrides conclusively in certain transactions called "PDX" from a specific database produced in discovery called "RXHR2." The second sentence provides additional explanation of the information sought. The sentence asks for either the specific field in the database that has the information or the methodology methods to identify the price overrides from the data base. The last sentence asks why the price overrides cannot be conclusively identified from the data produced in discovery, if the available methodology cannot provide conclusive identification. The entire question seeks information necessary to manipulate the RXHR2 database to secure relevant information about price

overrides. The inquiries are logically related to the primary question and are a single interrogatory for purposes of the 30-interrogatory limit.

Interrogatory 18

18. Identify by store number, date range, and Discount Program every time You submitted any price match prices, $4 generic program prices, membership club or membership club price match prices, 10% off brand prices, 20% off generic prices, or any other Discount Program prices as Your U&C price to any GHP payers, including State Medicaid Programs, Tricare, FEP or Medicare Part D plans.

Fourth Set, Answer to Interrogatory 18.

Interrogatory 18 asks a single interrogatory. The interrogatory asks the primary question of the identification of every time Safeway reported a discount price as its Usual and Customary (U&C) price to a federal government third-party payor. All the clauses in the interrogatory seek details related to this single question. The first set of clauses ask for details about the store, date, and discount program; the second set of clauses ask for details about the specific type of discount program reported as Safeway's U&C price; and the last set of clauses asks for details about the specific federal government third-party payor to which Safeway reported a discount price as its U&C price. Interrogatory 18 is a single interrogatory for purposes of the 30-interrogatory limit.

Proctor, therefore, has propounded 26 interrogatories on Safeway, including the two discrete subparts in Interrogatory 10. Safeway has

answered or agreed to answer Interrogatories 1 through 18.  The parties agreed and the Court ordered a limit of 30 interrogatories.  Proctor has not reached that limit as the Court has determined only 26 interrogatories have been propounded by Proctor.  Safeway's objections to Interrogatories 19-25 as over the 30-interrogatory limit is overruled.  This Court orders Safeway to answer Interrogatories 19-25.

THEREFORE, IT IS ORDERED that Relator Thomas Proctor's Motion to Compel Answers to Interrogatories 19 Through 25 (d/e 115) (Motion) is ALLOWED.  This Court orders Safeway to answer Interrogatories 19-25 by December 7, 2018.

ENTER:   November 14, 2018

_s/ Tom Schanzle-Haskins_
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE