E-FILED
Monday, 03 December, 2018 10:42:55 AM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA et al., ex rel. THOMAS PROCTOR, | ) ) ) ) |
| Relator, | ) ) |
| v. | ) No. 11-cv-3406 ) |
| SAFEWAY INC., | ) ) |
| Defendant. | ) |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Relator Thomas Proctor's Motion to Quash Cynthia Tudor Deposition Subpoena (d/e 119) (Motion 119) and Defendant's Motion for Leave to Schedule Deposition of Former Government Representative Within Two Weeks of Discovery (d/e 121) (Motion 121) (collectively Motions). For the reasons set forth below, Motion 121 is ALLOWED and Motion 119 is DENIED.

## BACKGROUND

Relator Thomas Proctor filed this qui tam action alleging that Defendant Safeway, Inc., misrepresented its Usual and Customary Prices (sometimes called U&C Prices) to government programs such as Medicare, Medicaid, and others that pay some or all of covered individuals' medical

expenses, including prescription drugs (collectively Government Health Programs or sometimes GHP). Proctor alleges that Safeway agreed to charge its Usual and Customary Prices for prescription drugs to individuals covered by Government Health Programs. Proctor also alleges that Safeway offered prescription drugs to the public at discounted prices. Additionally, Proctor alleges that the discounted prices thereby became Safeway's Usual and Customary Price. Proctor claims that Safeway submitted billings to the Government Health Programs which falsely represented that its Usual and Customary Prices for prescription drugs were prices which were higher than the discounted prices offered to the public. Relator seeks to recover the overpayments to Safeway caused by these alleged false billings, along with civil penalties, pursuant to the Federal False Claims Act and State False Claims Acts. See First Amended Complaint With Jury Demand Pursuant to Federal and State False Claims Acts (d/e 50) (Amended Complaint).

The Court set the end of fact discovery at November 30, 2018. Text Order Entered October 4, 2018. On November 9, 2018, Safeway amended its Rule 26(a)(1) disclosures to list Dr. Cynthia Tudor, Ph.D., as a person with knowledge that Safeway may call as a witness in this case. Safeway did not disclose Dr. Tudor as an expert witness. Dr. Tudor was the former

Deputy Center Director of the Centers for Medicare and Medicaid Services (CMS) and former Director for the Medicare Drug Benefit and C&D Data Group, all within the Department of Health and Human Services.  Dr. Tudor authored a memorandum dated October 11, 2006, which provided guidance regarding situations in which covered individuals can purchase prescriptions drugs at from pharmacies at cash discount prices (Lower Cash Price Policy Memorandum).  Proctor quoted from the Lower Cash Price Policy Memorandum in paragraph 102 of the First Amended Complaint (d/e 50).  The Lower Cash Price Policy, set forth in the Lower Cash Price Policy Memorandum, is incorporated into Chapter 14, § 50.42 of the Centers for Medicare and Medicaid Services' 2006 Medicare Prescription Drug Benefit Manual.  See <u>Relator's Response to Defendant's Motion for Leave to Schedule Deposition of Former Government Representative Within Two Weeks of Discovery Cutoff [d/e121] (d/e 124) (Relator's Response)</u>, at 3.

On November 16, 2018, Safeway issued a subpoena (Subpoena) to Dr. Tudor to appear and be deposed on November 28, 2018. <u>Memorandum in Support of Motion 119 (d/e 120) (Proctor Memorandum)</u>, Exhibit 3, <u>Subpoena</u>.  Safeway's counsel also wrote Ms. Seema Verma, the Acting Administrator of CMS, to request permission to depose Dr. Tudor in

this case. <u>Proctor Memorandum</u>, Exhibit 4, Letter dated November 16, 2018 (November 16 Letter). Department of Health and Human Services regulations require agency approval before a former employee can testify regarding information learned while employed at covered agencies, including CMS. 45 C.F.R. §2.4(a); <u>see</u> <u>United States ex rel. Touhy v. Ragen</u>, 340 U.S. 462 (1951) (upholding regulations such as 45 C.F.R. § 2.4(a)). Counsel for Safeway stated in the November 16 Letter that Safeway intended to depose Dr. Tudor on the following topics:

> 1) Memorandum, dated October 11, 2006, from Cynthia Tudor to All Part D Sponsors, regarding the HPMS Q & A- Lower Cash Price Policy; and

> On this topic, Ms. Tudor is expected to describe the Memorandum that she authored, and which was published on October 11, 2006, which addresses the Lower Cash Price Policy. This testimony is likely to include Ms. Tudor's understanding of CMS's intent and objectives that were driving the policy and the resulting Memorandum.

> 2) Medicare Part D Lower Cash Price Policy, including but not limited to CMS's objectives for the Policy.

> On this topic, Ms. Tudor is expected to describe CMS's Medicare Part D Lower Cash Price Policy, the reasons for developing this policy, changes to the Policy over time, and explain how this policy functions in practice, particularly with respect to prescription drug discount programs.

<u>November 16 Letter</u>, at 2-3. Counsel for CMS informed Safeway's counsel that a CMS attorney must attend Dr. Tudor's deposition, and counsel for

CMS asked for additional time to review the matter before the deposition. Motion 121, at 1. CMS has not yet given Safeway permission to depose Dr. Tudor.

Proctor moves to quash the subpoena on the grounds that Safeway is only using this deposition as a vehicle to extend discovery and delay this case. Proctor also argues that Safeway is also trying to secure additional expert testimony without complying with the Rules because Safeway did not disclose Dr. Tudor as an expert witness. Additionally, Proctor argues that Dr. Tudor's testimony about the facts surrounding the Lower Cash Price Policy Memorandum would be subject to CMS's claims of privilege, particularly the deliberative process privilege. Finally, Proctor argues that Dr. Tudor's testimony regarding the meaning of the Lower Cash Price Policy Memorandum is irrelevant since Proctor argues that the Seventh Circuit has already decided that a pharmacy's discount prices are its Usual and Customary prices. See United States ex rel. Garbe v. Kmart Corp., 824 F.3d 632, 644 (7th Cir. 2016). Proctor argues that, for all these reasons, that the Subpoena should be quashed.

Safeway responds that it only intends to use Dr. Tudor as a fact witness for the topics set forth in the November 16 Letter quoted above. Safeway argues that it was ready, willing, and able to take Dr. Tudor's

deposition before the November 30, 2018 deadline, but counsel for CMS asked for additional time. Safeway asks the Court for leave to take Dr. Tudor's deposition on or before December 14, 2018. Safeway also asks the Court to extend the deadline to file dispositive motions to January 24, 2019. Dispositive motions are currently due on December 24, 2018. Text Order entered October 4, 2018.

## ANALYSIS

Federal Rule of Civil Procedure 26(b)(1) allows parties to obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party. Relevant information need not be admissible at trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence and the discovery sought is proportional to the needs of the case. This Court has broad discretion in matters relating to discovery. See Brown Bey v. United States, 720 F.2d 467, 470 471 (7th Cir.1983); Eggleston v. Chicago Journeymen Plumbers' Local Union 130, 657 F.2d 890, 902 (7th Cir.1981); see also, Indianapolis Colts v. Mayor and City Council of Baltimore, 775 F.2d 177, 183 (7th Cir.1985) (on review, courts of appeal will only reverse a decision of a district court relating to discovery upon a clear showing of an abuse of discretion).

The federal discovery rules are to be construed broadly and liberally. Herbert v. Lando, 441 U.S. 153, 177 (1979); Jefferys v. LRP Publications, Inc., 184 F.R.D. 262, 263 (E.D .Pa. 1999). The party opposing discovery has the burden of proving that the requested discovery should be disallowed. Etienne v. Wolverine Tube, Inc., 185 F.R.D. 653, 656 (D. Kan. 1999); Golden Valley Microwave Foods, Inc. v. Weaver Popcorn Co., 132 F.R.D. 204, 207 (N.D. Ind. 1990); Flag Fables, Inc. v. Jean Ann's Country Flags and Crafts, Inc., 730 F. Supp. 1165, 1186 (D. Mass. 1989).

In light of these factors, the Court, in its discretion, will allow Safeway to depose Dr. Tudor on or before December 14, 2018. Dr. Tudor has personal knowledge regarding the preparation of the Lower Cash Price Policy Memorandum. The Lower Cash Price Policy is clearly relevant to the case. The Lower Cash Price Policy Memorandum discusses the relationship between discount prices and Usual and Customary Prices. See Lower Cash Price Policy Memorandum, at 1 n. 1. Proctor quotes the Lower Cash Price Policy Memorandum in his First Amended Complaint. Dr. Tudor also has personal knowledge of the operation of the Medicare Lower Cash Price Policy during her tenure. Safeway is entitled to discover factual information from Dr. Tudor has regarding these matters. The situation has similarities to testimony of a treating physician. The physician

can testify about the treatment as a fact witness even though the testimony covers technical and specialized matters such as diagnosis and treatment. See e.g., Moriconi v. Koester, 2015 WL 328590,at *3 (C.D. Ill. January 26, 2015). Dr. Tudor has personal knowledge about the formulation of the Lower Cash Price Policy Memorandum and the operation of the Medicare Lower Cash Price Policy. Safeway can depose her on these issues as a fact witness.

    Proctor argues Dr. Tudor's deposition testimony would be inadmissible at trial for several reasons. Proctor cites a number of cases to support these arguments. See Memorandum in Support of Motion to Quash Cynthia Tudor Deposition Subpoena (d/e 120), at 4-7 and cases cited therein; Relator Response, at 6-7 and cases cited therein. The cases cited all involve questions of admissibility at trial. The issue at this juncture, however, is discovery, not admissibility. Dr. Tudor has some factual information that is relevant for purposes of discovery and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Proctor quoted the Lower Cash Price Policy Memorandum in his First Amended Complaint. Proctor also asked several deposition witnesses about the Lower Cash Price Policy Memorandum. See Defendant's Opposition to Relator's Motion to Quash Cynthia Tudor Deposition Subpoena (d/e125), at 2-3. The Lower Cash

Price Policy is clearly material to this case.  Deposing the author of the Lower Cash Price Policy Memorandum is also clearly proportional to the needs of this case.  The Court will not bar the deposition because some of her testimony may not be admissible.

Proctor argues that Safeway is trying to secure additional expert testimony from and undisclosed expert in violation of the Rules.  Proctor may preclude that possibility by challenging the admissibility of any expert opinions from Dr. Tudor through a pretrial motion in limine.  The District Court is fully capable of barring any such improper expert testimony.  The Court will not bar a discovery deposition because the witness may state some inadmissible opinions.

The Court similarly will not bar the deposition because some of the information may be privileged. The CMS attorney at the deposition can raise claims of privilege and instruct Dr. Tudor not to answer to protect its privilege.  Furthermore, CMS may refuse to allow the deposition if the potential for disclosure of privileged information is so great.  The possibility of claims of privilege does not justify quashing the Subpoena.

Proctor argues that Safeway is using the Subpoena to delay.  There is some merit to this argument.  Safeway could have disclosed Dr. Tudor sooner.  Safeway has also sought extensions of time in this proceeding

before.  See e.g., Defendant's Motion to Modify Scheduling Order (d/e 109).  Still, Safeway issued the Subpoena in a timely manner, two weeks before the end of discovery.  Safeway set the deposition before the discovery cutoff at a time agreed to by Dr. Tudor and her attorneys, and at a time when Proctor's counsel would be available.  See Motion 121, at 1, 4.  CMS requested the delay passed the discovery deadline, not Safeway.  Under these circumstances, the Court will not punish Safeway by barring the deposition due to CMS's need for delay.

In light of the delay, the Court will extend the dispositive motion deadline to January 24, 2019.  Both parties will need the time to review Dr. Tudor's deposition.  Safeway will need to review the information to incorporate her testimony into any dispositive motions.  Given these legitimate needs for additional time, the Court will extend the dispositive motion deadline.

THEREFORE, IT IS ORDERED that Relator Thomas Proctor's Motion to Quash Cynthia Tudor Deposition Subpoena (d/e 119) is DENIED, and Defendant's Motion for Leave to Schedule Deposition of Former Government Representative Within Two Weeks of Discovery (d/e 121) is ALLOWED.  Defendant Safeway is given until December 14, 2018 to take the deposition of Dr. Cynthia Tudor, Ph.D.  The deadline for filing

dispositive motions is extended to January 24, 2019.   All other deadlines remain in effect.

ENTER: December 3, 2018

                 *s/ Tom Schanzle-Haskins*
                 TOM SCHANZLE-HASKINS
                 UNITED STATES MAGISTRATE JUDGE