IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

UNITED STATES OF AMERICA, and The )
STATES OF CALIFORNIA, COLORADO, )
DELAWARE, HAWAII, ILLINOIS, ILLINOIS, )
MARYLAND, MONTANA, NEW JERSEY, )
NEW MEXICO, NEVADA, VIRGINIA, and )
The DISTRICT OF COLUMBIA, *ex rel.* )
THOMAS PROCTOR, )
           )
       Plaintiffs, )
           )
   v. )       Case No. 11-cv-3406
           )
SAFEWAY INC., )
           )
       Defendant. )

## OPINION

RICHARD MILLS, United States District Judge:

United States Magistrate Tom Schanzle-Haskins entered an Opinion and Order [d/e 147] denying the Defendant's Motion to Compel.

In accordance with 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a), Defendant Safeway Inc. has appealed [d/e 149] the magistrate judge's Opinion and Order.

I.

Judge Schanzle-Haskins denied the Defendant's motion to compel the Centers for Medicare and Medicaid Services (CMS) to permit the testimony of a former

employee, Cynthia Tudor, Ph.D.  Dr. Tudor is a former Director of CMS and former

Director of the Medicare Drug Benefit and C&D Data Group.  Federal regulations

require agency authorization before an employee or former employee of CMS may

testify concerning information acquired in the course of performing official duties.

*See* 45 C.F.R. §§ 2.1-2.6 ("*Touhy* regulations").[1]  CMS denied the Defendant's

request.  The Defendant sought judicial review of CMS's decision.

The magistrate judge noted that CMS determined that allowing Dr. Tudor to

testify about the deposition topics would not promote the objectives of the

Department of Health and Human Services ("the Department") for three reasons: (1)

CMS representatives talked to employees who worked most closely with Dr. Tudor

and determined that she may lack personal knowledge about the topics on which

Safeway wanted her to testify; (2) the deposition topics seemed calculated to elicit

opinions rather than facts based on personal knowledge; and (3) testimony on the

deposition topics posed a risk of disclosure of information protected by the

deliberative process privilege or the attorney-client privilege.

Regarding CMS's first reason, the magistrate judge noted that after "learning

from these employees that Dr. Tudor had limited knowledge on the Deposition

---

[1] In *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951), the Supreme Court determined that a federal employee cannot be compelled to obey a subpoena that acts against valid agency regulations.

Topics, CMS could reasonably conclude that Dr. Tudor's proposed testimony would not promote the objectives of the Department."

As for the second reason, the magistrate judge found that "CMS also reasonably determined that the Deposition Topics posed the risk that Dr. Tudor would provide opinions in her deposition, noting that Safeway had already said that Dr. Tudor had the expertise to "educate the finder of fact" on complicated issues that were "outside the scope of knowledge of most juries and judges." The magistrate judge observed that this description of Dr. Tudor's proposed testimony was similar to the language used in Federal Rule of Evidence 702(a), which discusses the purpose of expert testimony, and determined that "CMS could reasonably conclude that allowing a former employee to opine on such matters would not promote the objectives of the Department."

With respect to the third reason, the magistrate judge found that "CMS also reasonably determined that the testimony would create a risk that Dr. Tudor would disclose privileged information, and that creating such a risk would not promote the objectives of the Department." Moreover, "CMS could reasonably conclude that disclosure of decision-making information concerning the development and implementation of the Lower Cash Price Policy could put at risk the disclosure of confidential information protected by these two privileges."

Based on those considerations, the magistrate judge found that "the decision by CMS that the proposed testimony did not promote the objectives of the Department [is] rational and [is] not arbitrary and capricious." The magistrate judge noted that the Court's role is not to "substitute its judgment for CMS," but only to determine "whether CMS provided a reasonable basis for its decision."

The magistrate judge determined that CMS's decision was not arbitrary and capricious. Under § 636(b)(1)(A) and Rule 72(a), the Court may reconsider the magistrate judge's order if it is "clearly erroneous" or "contrary to law."

Safeway objects to the magistrate judge's order, claiming that (1) Dr. Tudor has personal knowledge of the Memo she wrote and for which CMS continues to hold her out as the author on its website; (2) whether Dr. Tudor provided opinion testimony rather than fact testimony during her deposition would be a question of admissibility at trial, and her deposition testimony would be potentially admissible based on her background and experience; and (3) CMS has not provided any reason for why the narrow topics in Safeway's *Touhy* request risk eliciting privileged testimony, especially given that the Government has a right to attend the deposition.

The magistrate judge reasonably determined that CMS had a legitimate basis for questioning the extent of Dr. Tudor's personal knowledge of the memorandum, given that she acknowledged in a filing in the related case that the memorandum

"had been authored by members of Dr. Tudor's staff." *See United States ex rel. Schutte et al. v. SuperValu et al.*, Case No. 3:11-cv-3290, Doc. No. 279, at 2.

The magistrate judge also reasonably determined that CMS's concern about eliciting opinion testimony from Dr. Tudor was legitimate, based on Safeway's description of the proposed testimony which, in a November 16, 2018 letter from its counsel, was generally consistent with the Federal Rule of Evidence which addresses the purpose of expert testimony.

Additionally, the magistrate judge reasonably found CMS had a legitimate basis to have concerns that Dr. Tudor would disclose privileged information and that creating such a risk would not promote the objectives of the Department. This is based on Safeway's statements in the letter about the formulation of policy and the disclosure of decision-making information.

"The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Industries Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997). The Court has no basis to make such a determination. In short, the magistrate judge noted that CMS had multiple reasons for determining that the proposed testimony did not promote the objectives of the Department. The proffered reasons were rational and not arbitrary and capricious.

Accordingly, the magistrate judge's Opinion and Order is not "clearly erroneous" or "contrary to law."

## II.

Alternatively, Safeway claims that if the Court finds that CMS's decision not to allow Dr. Tudor to testify was not arbitrary and capricious, the Court should instruct the jury in this case that it can draw an adverse inference from CMS's refusal. The Court does not believe that adverse inference instruction would be appropriate. When Dr. Tudor's testimony was sought, CMS was authorized under the regulations to determine whether "after consultation with the Office of General Counsel, that compliance with the request would promote the objectives of the Department." 45 C.F.R. § 2.3. The Court does not believe that an adverse jury instruction is warranted when CMS acted in a manner consistent with its authority.

Additionally, Safeway is not entitled to an adverse inference instruction against a non-party. CMS is not a party to this action because the United States declined to intervene. *See United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 933 (2009) (noting that the United States "is a 'party' to a privately filed FCA action only if it intervenes in accordance with the procedures established by federal law.").

Ergo, the Appeal of United States Magistrate Judge's Decision [d/e 149] is DENIED.

The Court AFFIRMS and ADOPTS the Opinion and Order [d/e 147] of United States Magistrate Judge Tom Schanzle-Haskins denying Defendant Safeway, Inc.'s motion to compel.

ENTER: December 27, 2019

FOR THE COURT:

/s/ *Richard Mills*
Richard Mills
United States District Judge