IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, and The STATES OF CALIFORNIA, COLORADO, DELAWARE, HAWAII, ILLINOIS, MARYLAND, MONTANA, NEW JERSEY, NEW MEXICO, NEVADA, VIRGINIA, and The DISTRICT OF COLUMBIA, *ex rel*. THOMAS PROCTOR,<br><br>    Plaintiffs,<br><br>v.<br><br>SAFEWAY INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 11-cv-3406 |

OPINION

RICHARD MILLS, United States District Judge:

In an Opinion and Order entered on June 12, 2020, the Court granted the motion of Defendant Safeway, Inc. for summary judgment based on the U.S. Supreme Court's *Safeco*'s decision.

Pending is the Relator's Rule 59(e) motion to alter judgment and for leave to supplement the record.

I.

Federal Rule of Civil Procedure 59(e) allows for the filing of a motion to alter or amend judgment. A judgment under Rule 59(e) may be amended only if the

1

"movant clearly establishes either (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013). "It does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Id.*

In its previous Order, the Court held that the objective scienter standard articulated by the Supreme Court in *Safeco Insurance Co. of Am. v. Burr*, 551 U.S. 47 (2007), which addressed the Fair Credit Reporting Act, also applied to the False Claims Act ("FCA"), as some federal courts of appeal have determined. This Court found there was no authoritative guidance that would have warned Safeway away from what was an objectively reasonable position and, therefore, the Relator could not meet *Safeco*'s objective scienter standard and thus could not establish the FCA's "knowing" element as a matter of law. Upon determining that the Relator could not meet the FCA's "knowing" element, the Court concluded that Safeway is entitled to summary judgment.

The Relator contends the Court misapplied *Safeco* by: (1) failing to specifically identify ambiguous language in the applicable statutes, regulations and contracts; (2) accepting Safeway counsel's *post hoc* rationalizations based on inapplicable sources and failing to consider applicable statutes, regulations and

contracts in finding that Safeway's litigation position was "objectively reasonable;" and (3) misapplying the appropriate summary judgment standard in determining that no "authoritative guidance" existed to warn Safeway away from its incorrect interpretation of the law.

Citing *Safeco*, 551 U.S. at 61 and *United States ex rel. Purcell v. MWI Corp.*, 807 F.3d 281, 288 (D.C. Cir. 2015), the Relator asserts a defendant claiming a lack of scienter based on a reasonable but erroneous interpretation of a statute or regulation must satisfy a three-prong test to prevail: (1) ambiguity must be found in the applicable statute or regulation; (2) upon a determination of ambiguity, the defendant's interpretation of that ambiguity must be objectively reasonable; and (3) upon finding ambiguity and an objectively reasonable interpretation, the defendant must show that there was no authoritative guidance warning it away from its incorrect interpretation. The Relator contends all three elements must be established to warrant dismissal for lack of scienter.

The Relator alleges that under *Safeco*, the scienter analysis stops if there is no specific finding of ambiguity in the law. *See Purcell*, 807 F.3d 288. However, *Safeco* does not so provide. Relying in part on *Safeco*, the court in *Purcell* states that the FCA does not "reach those claims based on reasonable but erroneous interpretations of a defendant's legal obligations." *Id*. at 288. Although *Purcell* discussed a contractual term's ambiguity when analyzing the defendant's

3

interpretation of that language, *see id.* at 288-89, *Purcell* did not require a specific finding of ambiguity in the law either.  While a law that is subject to multiple objectively reasonable interpretations is necessarily ambiguous, none of the courts applying *Safeco* to the FCA held those issues had to be analyzed separately and none requires an express ambiguity finding separate from an "objective reasonableness" finding.  As Safeway points out, the Court determined the law to be ambiguous upon holding Safeway's interpretation was objectively reasonable because "[a]mbiguity exists if a provision is subject to reasonable alternative interpretations." *Grun v. Pneumo Abex Corp.*, 163 F.3d 411, 420 (7th Cir. 1998).

The Court finds no basis to revisit its prior finding that the law regarding usual and customary pricing was ambiguous before *United States ex rel. Garbe v. Kmart*, 824 F.3d 632 (7th Cir. 2016).  After the district court in *Garbe* identified three issues for interlocutory appeal, the Seventh Circuit added the issue of "whether the district court correctly identified the 'usual and customary' price." *Garbe*, 824 F.3d at 637.  As this Court observed, by adding that issue to the others, "the Seventh Circuit appeared to determine the issue of generic drug discount programs and usual and customary price was sufficiently debatable to be addressed." *U.S. ex rel. Schutte v. SuperValu, Inc.*, 2020 WL 3577996, at *9 (C.D. Ill. July 1, 2020).  The Court is unable to conclude it committed a manifest error of law or fact.

The Relator next alleges the Court made no finding that usual and customary definitions in Medicare Part D contracts are ambiguous. The Seventh Circuit's reference to Medicare Part D regulations and contracts that impose legal obligations upon parties participating in Medicare Part D is borne out of duly noticed and promulgated regulations. *See* 42 U.S.C. § 423.1(b); 42 C.F.R. § 423.505(a); 42 C.F.R. § 423.505(i)(4)(iv). The Relator claims that the requirement in 42 C.F.R. § 423.505(i) that all participants in Medicare Part D "must comply" with applicable laws, regulations, and CMS instructions was discussed in the Relator's opposition to Safeway's motion for summary judgment, but not addressed in the Court's Opinion. Moreover, Part D contractors must comply with Part D contract terms and CMS instructions as a matter of law.

As Safeway notes, the Relator did not include the Pharmacy Benefit Manager ("PBM") contracts as part of the record so the Court could not have evaluated the contractual terms. In his response to Safeway's summary judgment motion, the Relator cited PBM notices and provider manuals and not contracts. The brief cited just two PBM contracts, neither of which defined usual and customary price as including applicable discounts, and one proposed amendment to a Pharmacy Network Agreement with the State of Oregon. Accordingly, the only contracts in the summary judgment record were consistent with Safeway's objectively

reasonable interpretation of the law. The Relator has not shown that the Court committed manifest error.

## II.

The Relator requests leave to introduce Sealed Exhibit A, which consists of over 800 pages, and is described by the Relator as a summary of applicable terms from Government Healthcare Provider contracts between PBMs and Safeway, combined with excerpts from those contracts. The Relator states that he planned to attach Exhibit A to his motion for summary judgment, but never had the opportunity to file a substantive motion because the briefing on the motion under *Safeco* was prioritized over other dispositive motions.

In August 2019, the Court notified the Parties that the dispositive motions deadline would be postponed for two months to account for the possibility that the rulings on the summary judgment motions in *U.S. ex rel. Schutte v. SuperValu*, Case No. 11-cv-3290, will affect the scope of the rulings in this case. Subsequently, Safeway requested and obtained further extensions of the dispositive motion deadline.

In November 2019, Safeway filed the motion for summary judgment based on *Safeco* contemporaneously with a request that it be prioritized over the summary judgment motions in *Schutte* that had been pending over a year. Safeway's request was granted. The Relator claims that the *Safeco* motion was moved to the front of

the line ahead of the scheduled summary judgment filing deadline when Relator would have filed his broader motion for summary judgment with a more comprehensive record of binding contract terms that required Safeway to comply with Medicare Part D rules, regulations and CMS instructions.

The Relator states that, based on the unique procedural posture of dispositive motions at the time the *Safeco* motion was granted and the fact that the Parties agree that the contracts are relevant, there is good cause to grant the Relator leave to file Exhibit A.

The Relator had an opportunity to file the documents in Exhibit A as part of his opposition to Safeway's motion for summary judgment, but did not do so. A party should not "sit on potentially relevant evidence and allow the court to go forward with its decision, and then turn around and criticize the court for ruling without the benefit of that same evidence." *Hecker v. Deere & Co.*, 556 F.3d 575, 590 (7th Cir. 2009). Rule 59(e) "does not provide a vehicle for a party to undo its own procedural failures." *Beyrer*, 722 F.3d at 954.

Because the Relator could have included the exhibit as part of his response to Safeway's motion for summary judgment, the Court will deny the motion to supplement the record.

Ergo, the Relator's motion for leave to alter judgment and for leave to supplement the record [d/e 204] is DENIED.

ENTER: November 13, 2020

FOR THE COURT:

/s/ *Richard Mills*
Richard Mills
United States District Judge